Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of MORRIS GELLER, Respond-
ent, for Compensation under the Workmen's Compen-
sation Law, v. REPUBLIC NOVELTY WORKS, Employer, and
the COMMERCIAL CASUALTY COMPANY, Insurance Carrier,
Appellants.

Third Department, December 28, 1917.

Workmen's Compensation Law — hazardous business — casual
employment of carpenter by hour to make repairs — structural
carpentry.

A casual engagement of a carpenter by the hour to repair a store or office
does not make the proprietor of the store or office one engaged in structural
carpentry so as to render the employment hazardous. Hence, the
employer is not liable for an accident happening to the employee in
such casual service.

LYON J., dissented.

APPEAL by the defendants, Republic Novelty Works
and another, from an award of the State Industrial Commis-
sion, entered in the New York city office of said Commission
on the 21st day of February, 1917.

*Jeremiah F. Connor*, for the appellants.

*Merton E. Lewis*, Attorney-General [*E. C. Aiken* of counsel],
and *Robert W. Bonynge*, for the respondent State Industrial
Commission.

*Harry D. Mancher*, for the respondent, claimant.

KELLOGG, P. J.:

The employer was not carrying on a hazardous business.
It became necessary to have additional shelving in its store.
The work would require an employee about three days. The
injured employee was a carpenter who worked by the hour
for any one requiring his services. He had worked upon the
shelving for two days and was at work upon the last shelf
when, on June 25, 1916, he fell from a stepladder and was
injured. If we assume that he was engaged in structural car-
pentry at the time of the injury, it does not follow that the

employer was carrying on such hazardous employment. A casual engagement of a carpenter by the hour to repair a store or office does not make the proprietor of the store or office one engaged in structural carpentry. (*Matter of Bargey* v. *Massaro Macaroni Co.*, 170 App. Div. 103; affd., 218 N. Y. 410; *Coleman* v. *Bartholomew*, 175 App. Div. 122; *Matter of Schmidt* v. *Berger*, 221 N. Y. 26; *Matter of Kammer* v. *Hawk*, Id. 378.)

We conclude that the employer is not liable for an accident happening to an employee in such casual service. The award should be reversed and the claim dismissed.

All concurred, except LYON, J., dissenting.

Award reversed and claim dismissed.