EVELYN C. BOYLE *vs.* JOHN J. MAHONEY ET AL.
(JOHN J. MAHONEY ET AL. APPEAL FROM COMPEN-
SATION COMMISSIONER).

Third Judicial District, New Haven, January Term, 1918.

PRENTICE, C. J., RORABACK, WHEELER, BEACH and SHUMWAY, Js.

Although the business of running an amusement park and pavilion and
transporting persons and express matter in boats in connection
therewith, may not require the constant daily attendance and
service of all of one's employees, yet if each of them has stated
duties to perform whenever called upon, for which he receives a
fixed wage, and none of them have any other occupation, they are
to be treated as "regular" and not as "casual" employees, in de-
termining whether their employer is subject to the provisions of
Part A of our Workmen's Compensation Act.

In the present case the management gave dances twice a week in suit-
able weather in the pavilion, for which an orchestra of at least
three performers was supplied by two different leaders under a con-
tract made with one of them for each occasion. *Held* that these
facts were sufficient to sustain the finding of the Compensation
Commissioner that the musicians were in the employ of the owner
or lessee of the amusement park and pavilion, notwithstanding the
leader of each orchestra furnished the men and stipulated what
compensation they should receive.

The evidence in the present case reviewed and *held* to warrant the in-
ference, drawn by the Compensation Commissioner, that the dece-
dent, an employee, was drowned while attempting to get into his
employer's boat in the course of his employment, and not while he
was in the act of showing off his prowess or skill as a swimmer.

Argued January 15th—decided March 12th, 1918.

APPEAL by the defendants from a finding and award
of the Compensation Commissioner of the third district
(acting for and in behalf of the Commissioner of the
fourth district) in favor of the plaintiff, taken to and
tried by the Superior Court in Fairfield County, *Curtis,
J.;* the court refused to amend the Commissioner's find-
ing, but affirmed his action and dismissed the appeal, and
from this judgment the defendants appealed. *No error.*

The material facts on this appeal are these: The claimant, Evelyn C. Boyle, is the widow of William R. Boyle. On July 1st, 1915, William was drowned. At the time of his death he was in the employ of Mahoney & Tierney. As partners, they were conducting an amusement park and hall, and carrying for hire passengers and express matter in boats. They also gave dances in the pavilion on the premises controlled by them. There was sold upon the premises "soft drinks," by a person with whom Mahoney & Tierney had a contract that they should have half the profits from the sale of such drinks. In connection with the dances the partners furnished music. The dances were given, in suitable weather, each Wednesday and Saturday. The music was furnished by an orchestra of three pieces at least, and the orchestra was supplied by two different leaders under a contract made for each occasion, two different orchestras being employed, one or the other, as was convenient, being engaged at a price fixed by the leader. One Webb Clark was employed by Mahoney & Tierney in the way of teaching the regular boatman how to run the boats, to keep the boats in order, making repairs upon them, and on some occasions running one of the boats. John Bone had worked for a former owner of the business, and spent his time about the property of the appellants, acting as watchman on Sundays, and doing odd jobs. Tickets were sold in connection with the business, and these were sold by Tierney, sometimes assisted by his niece, who received no salary. Boyle's duties were to run the boats. On the day he was drowned he was in charge of a power boat and started from a point on the Housatonic River to carry some passengers up the river about three miles. After leaving the passengers at their destination, he ran the boat to another landing, having in the boat a young woman who was not a passenger for

hire. As Boyle landed the boat at the "upper landing" and stepped upon the dock, the boat slipped away from the dock, and he attempted to get back into the boat, and leaped from the dock toward the boat, and landed in the water. He caught hold of the bow of the boat, and the young woman in the boat asked if she should assist him. Boyle shook his head, and dropping from the boat began to swim upon his back toward the stern of the boat. When he was about twenty feet from the bow he sank and was drowned. On the way up the river Boyle had stated to the young woman who was in the boat that he was a good swimmer.

*Arthur B. O'Keefe*, for the appellants (defendants).

*Charles F. Roberts*, for the appellee (plaintiff).

SHUMWAY, J. The law places under the Workmen's Compensation Act, all employers who regularly employ five or more persons. It would seem at first glance that in order to ascertain the number of persons employed by any employer, all that need be done was to count them, and as so determined, the number of employees at any given time would be purely a question of fact, if the fact of employment be granted; and therefore the finding of the Compensation Commissioner would be conclusive.

But one of the questions presented by appellants is whether some of the persons employed were in their employ or in the employ of an independent contractor; and, if in their employ, whether they were "casual" employees. It is conceded by the appellants that Webb Clark, John Bone, and Boyle at the time of his death, were in their employ, but they claim that some of them at least were "casual" employees.

If the nature of the business which the appellants

were carrying on is considered, it will be seen that the business did not require the constant daily service of all of them. Clark repaired the boats and kept the machinery in order whenever called upon; Boyle kept the boats in operation when needed; and Bone was the watchman to care for the property. All of them drew pay from the appellants, and none of them having any other occupation, nothing more need be added to make it clear that their employment was not of a casual nature and that they were not otherwise employed than for purposes of their employers' business.

The appellants further contend that the musicians employed to lead the dancing were not employees of the appellants, but were in fact employees of their leaders, who were independent contractors. The providing of a place to dance and musicians to lead the dances, was as much a part of the appellants' business as running the boats, and while the appellants very likely did not control the actual production of music by the orchestra, yet the duration of the employment each day and the place where the musicians were to play were under the direction and control of the appellants, and it appears that the musicians were regularly paid by them. These facts sustain the finding of the Commissioner that the musicians were in the employ of the appellants, even though the leader furnished the musicians and stipulated the amount of compensation they should receive.

Among the reasons of appeal, one, that the deceased Boyle committed suicide, is abandoned in this court. It is, however, contended that Boyle's death did not arise out of and in the course of his employment. It is insisted the evidence does not justify the finding and ruling of the Commissioner, that after Boyle had fallen into the water and began to swim upon his back toward the stern of the boat, such act was not a departure

from the course of his employment. An examination of the evidence shows that it was just as reasonable to infer that Boyle was attempting to get into the boat, as that he was making an exhibition of his skill as a swimmer, of which he had just previously been boasting.

There is no error.

In this opinion the other judges concurred.