## Ex parte LITTLE CAHABA COAL CO.

## BAUGHN v. LITTLE CAHABA COAL CO.

### (2 Div. 865.)

(Supreme Court of Alabama.    June 18, 1925. Rehearing Denied Oct. 22, 1925.)

1. **Master and servant** ☞394½, New, vôl. 5A Key-No. Series — **Suit under Compensation Act for death not subject to abatement because other suit between same parties was pending.**

Proceeding under Workmen's Compensation Act by plaintiff for compensation for death of decedent for herself and children, and pending action by her as administratrix of decedent's estate for damages for his death, held not subject to abatement as being between the same parties.

2. **Abatement and revival** ☞9—**Plea in abatement must allege and proof must show that parties are same in both actions.**

In a plea in abatement setting up pendency of former action, it must be alleged and proof must show that parties are same in both actions.

3. **Master and servant** ☞400 — **Widow held proper party to maintain action for compensation.**

Where decedent, whose death was alleged to have been caused by an accident arising out of and in course of his employment, left a widow and two dependent children, held that she was a proper person to maintain for herself and them an action under Workmen's Compensation Act for compensation for his death, in view of section 1 and section 14, subds. 4 and 7.

4. **Master and servant** ☞401—**Complaint failing to allege knowledge of injury or notice insufficient on demurrer.**

In proceeding under Workmen's Compensation Act for death of plaintiff's decedent, complaint failing to allege any facts showing knowledge of defendant of the injury or notice to defendant, in accordance with section 28, is subject to demurrer on that ground.

5. **Master and servant** ☞405(1) — **Evidence held to show notice of accident.**

In proceedings under Workmen's Compensation Act for death of plaintiff's decedent, evidence held to show that defendant had due and legal notice of the accident resulting in decedent's death.

6. **Master and servant** ☞398—**Defendant not prejudiced by overruling of demurrer to complaint where it had notice of accident.**

In proceeding under Workmen's Compensation Act for death of plaintiff's decedent, defendant held not prejudiced by error in overruling of demurrer to complaint for failure to allege defendant's knowledge or notice of injury, in view of Supreme Court rule 45, where evidence sufficiently showed due and legal notice.

7. **Master and servant** ☞412—**Finding of trial court on evidence conclusive.**

Supreme Court will not look to bill of exceptions to find weight of testimony as to any fact found by trial court, but simply to see if there is any evidence or reasonable inferences to support facts found by court, and if on any reasonable view thereof it will support conclusion reached by trial court, finding and judgment will not be disturbed.

8. **Master and servant** ☞362—**Carpenter employed to cover house of coal company held not engaged in "casual employment" within Compensation Act.**

Finding that decedent, a carpenter by trade, who was employed to cover house of coal company with shingles, which house was leased to vice president of coal company, was not engaged in a "casual employment" within Workmen's Compensation Act, § 8, so as to deprive claimants of compensation for his death, held warranted by evidence that defendant kept and had at that time a regular crew of carpenters to do carpenter work in its business.

9. **Master and servant** ☞348—**Compensation Act liberally construed.**

Workmen's Compensation Act should be construed with breadth and liberality to the end of advancing its beneficent object.

10. **Master and servant** ☞412—**Court's finding of fact on legal evidence conclusive.**

Where there is any legal evidence, or reasonable inferences from legal evidence to support findings of fact of trial court in compensation case, such finding is conclusive, and judgment thereon will not be disturbed.

11. **Master and servant** ☞386(1)—**Compensation to widow and minor children held correct.**

Where decedent left a dependent widow and two dependent minor children, and his average

weekly earnings during 52 weeks preceding injury was $24, widow *held* entitled to sum of $12 per week, plus sum of $1 per week for each of such dependent minors, in view of Workmen's Compensation Act, § 14, subds. 7, 21.

Certiorari to Circuit Court, Bibb County; Fleetwood Rice, Judge.

Petition of the Little Cahaba Coal Company for certiorari to the Circuit Court of Bibb County to review the finding and judgment of that court in a proceeding by Nicia Baughn against the petitioner, under the Workmen's Compensation Act. Certiorari denied; judgment affirmed.

R. C. Gonzalez and David S. Anderson, both of Birmingham, and Jerome T. Fuller, of Centerville, for appellant.

Defendant's plea in abatement should have been sustained. 1 C. J. 45; Koplan v. Coleman, 181 Ala. 94, 60 So. 885; Sloss Co. v. Milbra, 173 Ala. 658, 55 So. 890; Salmon v. Wynn, 157 Ala. 112, 47 So. 233; Orman v. Lane, 130 Ala. 305, 30 So. 441. No recovery can be had in the case of casual employment. Schneider on Workmen's Comp., 1441; Honnold, Workmen's Comp., 778, 464; Ex parte Coleman, 211 Ala. 248, 100 So. 114. The complaint was subject to demurrer. Acts 1919, p. 227, § 28. And the conclusion of the trial court that defendant had due notice of the accident was erroneous. Harper's Workmen's Comp., § 228; Acts 1919, p. 223, §§ 19, 20; N. W. Malt & G. Co., v. Ind. Comm., 313 Ill. 534, 145 N. E. 89; West Ind. Co. v. Ind. Comm., 35 Cal. App. 104, 169 P. 261; Reynold's Trial Evi. p. 181; Cook v. Sloss Co., 212 Ala. 699, 103 So. 920. The award to plaintiff and her minor children was erroneous. 25 Cyc. 683; 33 C. J. 1074; L. & N. v. Tally, 203 Ala. 370, 83 So. 114; 15 R. C. L. 880; Code 1907, § 2488; Acts 1919, p. 223, § 14 (9).

Lavender & Thompson, of Centerville, for appellee.

In a plea in abatement, setting up the pendency of former action, the parties must be the same. Howell v. Howell, 171 Ala. 502, 54 So. 601; White v. Gibson, 61 Misc. Rep. 436, 113 N. Y. S. 983. A suit under the Workmen's Compensation Act is not properly brought in the name of the personal representative. Code 1923, §§ 7571, 7578. The finding of fact being sufficient, the bill of exceptions will be looked to only to see if there is some legal evidence to sustain the finding. Woodward Iron Co. v. Bradford, 206 Ala. 450, 90 So. 803; Ex parte Sloss Co., 207 Ala. 219, 92 So. 458; Ex parte L. & N., 208 Ala. 216, 94 So. 289; Ex parte Mt. Carmel Coal Co., 209 Ala. 512, 96 So. 626; Ex parte W. T. Smith Lbr. Co., 206 Ala. 485, 90 So. 807; Ex parte Thomas, 209 Ala. 276, 96 So. 233. The act should be liberally construed. Ex parte W. L. Smith Lbr. Co., supra; Ex parte

L. & N., supra; In re Dorb, 180 App. Div. 138, 167 N. Y. S. 415. Parties may try their causes on issues not formally made in the pleadings. Lackland v. Turner, 207 Ala. 73 91 So. 877.

MILLER, J. This is an action brought by Nicia Baughn, widow of Henry Alfred Baughn, under the Workmen's Compensation Act against the Little Cahaba Coal Company, a body corporate, for compensation for herself and their two minor children for the death of the husband and father while employed by defendant as a carpenter. It claims his death was (to use the words of section 1 of the Act) "caused by an accident arising out of and in the course of his employment." The court awarded $14 per week to plaintiff for the use of herself and the two minor children for not exceeding 300 weeks from the death of Henry Alfred Baughn.

This cause is before us by petition for certiorari to review the foregoing judgment, facts found by the trial court, and rulings on pleadings.

[1-3] The defendant filed plea in abatement that there was pending, at the time the plea was interposed in this cause, another suit in the same court between the same party plaintiff and same party defendant for the identical cause of action. The first suit was dismissed after the plea in abatement was filed. The first suit was commenced by Mrs. Nicia Baughn as administratrix of the estate of Henry Alfred Baughn, deceased, against the Little Cahaba Coal Company and W. H. Henley; it appearing from the caption and body of the complaint that the plaintiff is Nicia Baughn, as administratrix of the estate of Henry Alfred Baughn, deceased. The trial court properly held under the evidence that the parties to this suit are not the same as the parties to the former suit, and for this reason correctly found the issue on the plea in abatement in favor of the plaintiff. In a plea in abatement setting up pendency of former action, it must allege and the proof must show the parties are the same in both actions. Gilbreath v. Jones, 66 Ala. 129. Nicia Baughn, the widow of decedent, party plaintiff in this suit, is not the same party as Nicia Baughn as administratrix of the estate of this decedent in the first suit. In one she is an individual, and in the other she is the representative of the estate of the decedent. The decedent left a widow and two dependent children, one 11 and the other 2 years of age; and under the statutes and the above facts, the widow of the decedent is the proper party to maintain for herself and them this suit. Section 1, and section 14, subds. 4 and 7, Gen. Acts 1919, p. 206; Ga. Cas. Co. v. Haygood, 210 Ala. 56, headnote 3, 97 So. 87; Ex parte Havard, 211 Ala. 605, 100 So. 897.

[4] The complaint is defective in failing to allege any facts showing the knowledge of the

defendant of the injury or the notice to the defendant thereof, which notice must be of the kind provided for in this act. Section 28, Gen. Acts 1919, p. 227. The demurrer pointed out this defect, and it should have been sustained by the court. The trial court in its conclusions on the evidence found "that the defendant had due and legal notice of said accident." There is evidence in the record clearly indicating defendant knew of the accident and injury on the day it occurred (October 21, 1922), and that W. E. Henley, vice president of defendant, received written notice thereof in the form of a letter dated November 14, 1922, written by a daughter of deceased, which he individually answered November 15, 1922. This letter of the daughter indicates decedent was seriously injured while in the employment of the defendant, and his death resulted a few days after from the injury received; and the answer in reply regrets the injury and death, and denies liability of defendant, and denies that defendant had employed deceased—stating he was employed personally by W. E. Henley. This court in Ex parte Coleman, 211 Ala. 248, 100 So. 114, wrote:

"It was not intended, we think, that the pleadings under this act should be cast in the technical precision of the common law, or tested by the refined objections of hypercriticism."

[5, 6] We must hold under the facts found by the trial court "that the defendant had due and legal notice of said accident," which is supported by legal evidence; that the defendant was not injured or prejudiced by the ruling of the court, overruling the demurrers to the complaint. Supreme Court rule 45; see Ex parte Stith Coal Co., 104 So. 756,[1] as to sufficiency of notice of the accident to the employer; Ex parte Mt. Carmel Coal Co., 209 Ala. 519, 96 So. 626.

[7] This court will not look to the bill of exceptions to find the weight of the testimony as to any fact found by the trial court, but simply to see if there is any evidence, or reasonable inferences from evidence to support the facts found by the court. "If, on any reasonable view of the evidence it will support the conclusion reached by the trial court, the finding and judgment will not be disturbed." Ex parte S.-S. S. & I. Co., 207 Ala. 219, 92 So. 458; Ex parte Coleman, 211 Ala. 248, 100 So. 114.

There is evidence from which the trial court could conclude and find as it did, as follows:

"That on the 21st day of October, 1922, the said Henry Alfred Baughn was in the employment of the defendant, Little Cahaba Coal Company, a corporation, in the capacity of a carpenter, and while engaged in the performance of his duties under his said employment in re-covering a dwelling house, the property of the defendant, the said Henry Alfred Baughn fell from the roof of said house upon which at the time he was at work under his said employment and received injuries from which he died within two days."

The defendant in brief insists:

"Even if it could be found under this proof that Baughn was employed by the defendant, which defendant does not admit, and that his fall off the house was an accident arising out of and in the course of the employment, no recovery could be had, because under the undisputed and uncontradicted evidence it was a casual employment and not within the statute."

[8, 9] The evidence does not sustain defendant in this contention. It is true under section 8 of this act (Acts 1919, p. 208), it is stated:

"This act shall not be construed or held to apply to * * * persons whose employment at the time of the injury is casual, and not in the usual course of the trade, business, profession or occupation of the employer."

There is evidence that the decedent was a carpenter by trade; he was employed to recover this house of the defendant with shingles; he fell from this house while re-covering it, and died from the injuries in two or three days. The house was leased by the vice president of defendant, but was owned by the defendant. There is evidence that the defendant kept and had a regular crew of carpenters, three or four, at the time of the injury. The employment of the deceased as a carpenter to do carpenter work at the time of the injury may have been casual, but the court could reasonably infer that the employment of carpenters and of the deceased was in the usual course of the business of the defendant, because there is evidence that defendant kept and had at that time a regular crew of carpenters to do carpenter work in its business. Statutes of this character should be construed "with breadth and liberality, to the end of advancing its beneficent object." Ex parte L. & N. R. R. Co., 208 Ala. 216, 218, 94 So. 289, 290.

[10] Where there is any legal evidence or reasonable inference from legal evidence to support the finding of facts of the trial court, such finding is conclusive, and the judgment rendered thereon will not be disturbed. Ex parte Coleman, 211 Ala. 248, 100 So. 114; Ex parte Shaw, 210 Ala. 185, 97 So. 694, and authorities, supra.

The trial court, by the judgment rendered, made a clear, full, and accurate written statement of the facts found from the evidence; there is some evidence to support every conclusion reached by the trial court, and these facts so found sustain the judgment rendered. The defendant in brief contests practically every fact found by the trial court. The evidence presented by the bill of exceptions supports every finding of the trial court. A discussion of the findings and the facts and the evidence is unnecessary and not required.

---

[1] Ante, p. 399.

[11] The trial court found that decedent left a dependent widow and two dependent minor children, one 11 and the other 2½ years of age, his average weekly earnings during the period of 52 weeks immediately preceding the date of the said injury were $24, and that Nicia Baughn, the widow, is entitled to the sum of $12 per week, plus the sum of $1 per week for each of the said dependent minors, for the use and benefit of herself and them, making a total sum of $14 per week. This is correct under subsections 7 and 21 of section 14, this Act (Gen. Acts 1919, pp. 218, 220), which applies to this cause.

The petition for writ of certiorari is denied, and the judgment is affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.