(112 So. 734)

## NATIONAL CAST IRON PIPE CO. v. HIGGINBOTHAM. (6 Div. 768.)

Supreme Court of Alabama. April 21, 1927.

**1. Master and servant ☞348 — Workmen's Compensation must be liberally construed (Code 1923, § 7543).**

Workmen's Compensation Act must be liberally construed with reference to the end in view and the hardships or evils to be corrected, and same rule of construction applies to phrase in Code 1923, § 7543, defining rights of person whose employment at time of injury is only "casual and not in the usual course of the trade."

**2. Master and servant ☞348—Doubts respecting exceptions from benefits of Workmen's Compensation Act should be strictly construed against exception.**

Any doubts respecting exception from benefits of, or provisos in, Workmen's Compensation Act (Code 1923, §§ 7534–7597) should be solved in favor of the rule rather than the exception, and exception should be strictly construed when it modifies or qualifies comprehensive terms of statute.

**3. Master and servant ☞362—Finding that painter, employed to paint industrial company's houses, was not injured in "casual employment" within Compensation Act, held warranted (Code 1923, §§ 7534, 7540, 7543).**

Finding that painter, employed by the day to paint houses of employés of large industrial company, on work that lasted several months and required two or more men, was not engaged in casual employment within Workmen's Compensation Act (Code 1923, § 7543), and was therefore entitled to compensation under the act for injuries, *held* warranted, though

he had been recently employed, in view of sections 7534, 7540.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Casual.]

**4. Master and servant ⊛⇒351 — Injured employé's acceptance of compensation payments constituted election estopping him from resorting to other remedy (Code 1923, §§ 7544–7546, 7550).**

Under Code 1923, §§ 7544–7546, 7550, injured employé's acceptance of compensation installments under Workmen's Compensation Act constituted an election which estopped him from resorting to any other remedy, in absence of repudiation of agreement or partial settlement and restoration of status quo by return of payments received.

Appeal from Circuit Court, Jefferson County; Roger Snyder, Judge.

Action for damages by E. P. Higginbotham against the National Cast Iron Pipe Company. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

Bradley, Baldwin, All & White, and Nesbit & Sadler, all of Birmingham, for appellant.

The Workmen's Compensation Act must be liberally construed, to accomplish the purpose intended. Ex parte Majestic Coal Co., 208 Ala. 86, 93 So. 728. And the same liberality shown in construing the clause "arising out of and in the course of his employment" must be shown in construing the clause "casual and not in the usual course." State ex rel. Lundgren v. Dist. Court, 141 Minn. 83, 169 N. W. 488. A rule is broader than the exception, and all doubts must be resolved in favor of the rule. Eddington's Case, 201 Iowa, 67, 202 N. W. 374; Umble v. State, 207 Ala. 508, 93 So. 531; Ex parte Lusk, 82 Ala. 519, 2 So. 140. The workman comes within the act, unless his employment was both casual and not in the usual course of business. Code 1923, § 7543. The employment here was not casual, nor without the usual course of business. Miller & Lux v. Ind. Acc. Comm., 32 Cal. App. 250, 162 P. 651; Amer. S. F. Co. v. Ind. Bd., 284 Ill. 99, 119 N. E. 902; Ex parte Majestic, supra; Ex parte Little Cahaba, 213 Ala. 596, 105 So. 648. A workman who has accepted compensation under the act has no remedy under any other act. Code 1923, §§ 7545, 7546; Conrad v. Youghiogheny & Ohio Coal Co., 107 Ohio St. 387, 140 N. E. 482, 36 A. L. R. 1288; Gibbons v. Gooding, 153 Minn. 225, 190 N. W. 256.

London, Yancey & Brower, Frank Bainbridge, and T. A. Murphree, all of Birmingham, for appellee.

An employment is casual when it is not permanent, is uncertain, and not continuous. Consumers' Mut. Oil Co. v. Ind. Comm., 289 Ill. 423, 124 N. E. 608; Smith & Co. v. Ind. Comm., 299 Ill. 377, 132 N. E. 470; Blood v. Ind. Comm., 30 Cal. App. 274, 157 P. 1140; 1 Schneider, W. C. L. 132. The usual course of business, trade, profession, or occupation of an employer embraces the ordinary, everyday vocation, and does not include occasional or incidental work. State v. Dist. Court, 138 Minn. 103, 164 N. W. 366; Holbrook v. Olympia Hotel Co., 200 Mich. 597, 166 N. W. 876; Miller v. Granite County Power Co., 66 Mont. 368, 213 P. 604. The employer, after making certain payments as compensation, by taking the position that the claim is not within the provisions of the act and refusing to make payment of compensation due, is estopped to defend the common-law action upon the theory that the claim is within the act. Pond v. Wadsworth, 24 Ala. 531; Griel Bros. v. Pollak, 105 Ala. 249, 16 So. 704; Walls v. Downing, 206 Ala. 201, 89 So. 503; Wefel v. Stillman, 151 Ala. 249, 44 So. 203; So. I. & S. Co. v. Acton, 8 Ala. App. 502, 62 So. 402.

THOMAS, J. The trial was had on count A and the general issue, with leave to avail of any defense shown by the evidence that may have been specially pleaded. The plaintiff assumes in his pleading the burden of proof that his injuries were sustained while in casual and not in the usual course of the trade.

The plaintiff, working as a painter of defendant's houses, rented or provided for its employés, and while so employed and engaged was injured. The manner of his injury may be stated as follows:

"Almost all of the houses then being painted were of the one-story variety, and the defendant furnished a bench shaped like a carpenter's horse, upon which the painters could stand to reach the upper part of the small houses. On the occasion complained of, the plaintiff and two other men were at work on a two-story house. To reach the upper part of that house, use was made of a short ladder which rested upon the top of the bench. While standing upon this ladder, one leg of the bench gave way, causing the plaintiff to fall and be injured. There was evidence that the legs of the bench were insufficient in strength and constructed out of improper material."

The defendant operated a large industrial plant, with about 101 houses for its employés; employed no regular painters on full time, but only repaired or painted as deterioration necessitated. The evidence further shows that plaintiff was employed by the superintendent, Mr. Rhodes, to whom plaintiff stated he may work a few days or as many months if so required or desired. The defendant carried workmen's compensation insurance, and within the proper time after the injury payments of compensation, as provided for in the Workmen's Compensation Act (payments), were regularly made to plaintiff

⊛⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

and accepted by him. "In the latter part of the following year, the insurance carrier asked the plaintiff to come by its office, and the plaintiff contends that an officer of the insurance carrier declined to make further payments of compensation, for the reason that the plaintiff was a casual employé." Defendant's contention was that plaintiff had sufficiently recovered from his injury to return to his work, and for that reason was not entitled to further compensation. Between the time of the conference between plaintiff and the insurance carrier, and the time the suit was filed, plaintiff was paid two additional installments of compensation and offered two payments after suit was brought, which he declined. Plaintiff did not return any sum so received by him. The court instructed that the jury may set off sums so paid.

The material question to be determined was whether or not plaintiff was to be compensated for his injury under the Workmen's Compensation Act (section 7534, Code of 1923), or may maintain this action under the Employers' Liability Act (section 7598 et seq., Code of 1923). The answer requires the ascertainment of fact whether or not the employment at which he was engaged when injured was "casual and not in the usual course of the trade, business, profession or occupation of the employer."

Pertinent statutory provisions that may be noted are section 7534, Code of 1923:

"When personal injury or death is caused to an employé by an accident arising out of and in the course of his employment, of which injury the actual or lawfully imputed negligence of the employer is the natural and proximate cause, he, or in case of death, his personal representative, for the exclusive benefit of the surviving spouse and next of kin, shall receive compensation by way of damages therefor from the employer, provided the injury or death was not caused by the willful misconduct of the employé, or was not due to misconduct on his part, as defined in section 7544."

Provisions for election not to be subject to article 2 of the act, the injured employé is remitted to the common-law action and shall have no right of action under Code provisions (sections 5694–5696) and sections 7598, 7600, Employers' Liability Act. And it is further provided, where accidents occur while the employé is employed elsewhere than in this state and he is entitled to compensation under articles 1 and 2, that such compensation "shall be for injury or death by the laws of any other state."

"Articles 1 and 2 of this chapter shall not be construed or held to apply to any common carrier doing an interstate business, while engaged in interstate commerce, or to domestic servants, farm laborers or persons whose employment at the time of the injury is casual and not in the usual course of the trade, business, profession or occupation of the employer or to any employer who regularly employs less than sixteen employés in any one business or to any county, city, town, village or school district." Sections 7534, 7540, 7543, Code of 1923.

The words, "casual and not in the usual course of the trade, business, profession, occupation," etc., as used in said statutes, have not been specifically defined, though in a sense were recently applied by this court under the definition of words and phrases contained in section 7596 of the Code. In Jett v. Turner (Ala. Sup.) 110 So. 702, 704,[1] the question was whether returning from work by auto transportation operated by the employer to and from the servant's place of work was in the usual course of the business, saying:

"In Ex parte Majestic Coal Co., 208 Ala. 86, 93 So. 728, the statute was considered as related to what the employee was actually doing at the time of the injury—whether he was engaged in the service of his employment at the time. After a full and careful discussion of the principles involved, the opinion concludes: 'And the work was such as that employés may reasonably engage in same for defendant, or incidental to the fulfilling of the duties of the employment and conserving the properties and business of the master.' Held entitled to compensation. See, also, Ex parte Terry, 211 Ala. 418, 100 So. 768; Ex parte Little Cahaba Coal Co., 213 Ala. 244, 104 So. 422."

And in Ex parte Little Cahaba Coal Co., 213 Ala. 596, 598, 105 So. 648, 649, it is said on this subject:

"There is evidence that the decedent was a carpenter by trade; he was employed to recover this house of the defendant with shingles; he fell from this house while re-covering it, and died from the injuries in two or three days. The house was leased by the vice president of defendant, but was owned by the defendant. There is evidence that the defendant kept and had a regular crew of carpenters, three or four, at the time of the injury. The employment of the deceased as a carpenter to do carpenter work at the time of the injury may have been casual, but the court could reasonably infer that the employment of carpenters and of the deceased was in the usual course of the business of the defendant, because there is evidence that defendant kept and had at that time a regular crew of carpenters to do carpenter work in its business."

[1] We have frequently observed that the act must be given a liberal construction with reference to the end in view and the hardships or evils to be corrected. Ex parte Majestic Coal Co., 208 Ala. 86, 93 So. 728; Ex parte L. & N. R. R. Co., 208 Ala. 216, 94 So. 289; Ex parte Central I. & C. Co., 209 Ala. 22, 95 So. 472; Ex parte Little Cahaba Coal Co., 213 Ala. 596, 598, 105 So. 648. The same rule of construction must be employed in construing the phrase defining the rights of a person whose employment at the time of injury is only "casual and not in the usual course of the trade," etc.

In Lundgren v. District Court of Washing-

[1] 215 Ala. 352.

ton County (Nov. 15, 1918) 141 Minn. 83, 169 N. W. 488, it is said:

"While the courts of the different states are somewhat at variance in defining or applying the particular provision of the Compensation Act here involved, namely, the clause excluding liability of the employer when the employment in which an injury is received is not within 'the usual course of the business or occupation' of the employer (Uphoff v. Industrial Board, 271 Ill. 312, 111 N. E. 128, L. R. A. 1916E, 329, Ann. Cas. 1917D, 1; Carter v. Industrial Com. [34 Cal. App. 739, 168 P. 1065], 1 Workmen's Com. J. 497; Geller v. Republic Novelty Works [180 App. Div. 762, 168 N. Y. S. 263], 1 Workmen's Com. J. 691; Boyle v. Mahoney et al. [92 Conn., 404, 103 A. 127], 1 Workmen's Com. J. 937; Holbrook v. Olympia Hotel Co. [200 Mich. 597], 166 N. W. 876), we think the liberal view heretofore followed in our former decisions construing the other clause of the act, namely, 'within the scope of the employment,' should apply to and control the determination of the question whether a particular employment be within the usual course of the employer's business or occupation. In the respect stated we have uniformly applied a liberal, though substantial, rule, with a view of giving force and effect to the legislative intent in the enactment of the law. State ex rel. v. District Court, 128 Minn. 43, 150 N. W. 211; State ex rel. v. District Court, 131 Minn. 352, 155 N. W. 103, Ann. Cas. 1917D, 866; State ex rel. v. District Court, 129 Minn. 176, 151 N. W. 912; State ex rel. v. District Court, 138 Minn. 131, 164 N. W. 585, L. R. A. 1918C, 116. The rule so applied finds ample support in the authorities elsewhere, and is in harmony with the general canons controlling the construction and application of such statutes. It should control in the case at bar."

See Kasulke v. L. & N. R. Co., 213 Ala. 463, 105 So. 187; Ex parte Little Cahaba Coal Co., 213 Ala. 596, 105 So. 648. This Minnesota decision was rendered before the adoption of the statute, Gen. Acts of 1919, p. 206, et seq.

[2] If there is doubt about an exception or proviso in such a statute it must be judged on the assumption that the rule is broader than the exception, and all doubts and implications should be resolved in favor of the rule rather than the exception; that is to say, the latter is strictly construed when it is to modify or qualify comprehensive terms of an enactment. Umble v. State, 207 Ala. 508, 93 So. 531; Ex parte Lusk, 82 Ala. 519, 2 So. 140; Eddington v. N. W. B. T. Co., 201 Iowa, 67, 202 N. W. 374.

[3] Speaking generally, it is to be noted that the person injured is within the act unless at the time and place thereof his employment was casual and not in (without) the usual course of the trade, etc. Section 7543, Code. That such employment was not casual is attested by many general authorities. In Ex parte Little Cahaba Coal Co., 213 Ala. 596, 105 So. 648, if any doubt was entertained, it was resolved in favor of the rule (see general authorities), and here the injured person was

doing the incidental and necessary repair work on employer's houses. Eddington v. N. W. Bell Co., 201 Iowa, 67, 202 N. W. 374; Nosky v. Farmers' Union Co-Op. Ass'n, 109 Neb. 489, 191 N. W. 847; Miller & Lux v. Industrial Commission, 32 Cal. App. 250, 162 P. 651; Amer. Steel Foundry Co. v. Industrial Board, 284 Ill. 99, 119 N. E. 902; McDonald v. Great A. & P. Tea Co., 95 Conn. 160, 111 A. 65; Scott v. Payne Bros., 85 N. J. Law, 446, 89 A. 927; Thompson v. Twiss, 90 Conn. 444, 445, 97 A. 328, L. R. A. 1916E, 506. That the employment was not without the usual course of business was supported by required evidence. Ex parte Majestic Coal Co., 208 Ala. 86, 93 So. 728; Ex parte Little Cahaba Coal Co., 213 Ala. 596, 105 So. 648; Jett v. Turner, supra. The work being done was painting houses for defendant's employés. This work lasted several months and required two or more men. The fact that these men were employed by the day rather than the job did not put such employment without the statute; nor did the fact that he had been recently employed.

[4] It is further shown that plaintiff accepted compensation under the Act, paid him in many installments. He is precluded by this agreement from resorting to the other remedy, if such other remedy existed. Code of 1923, §§ 7544–7546, 7550. The burden of proof that the injury arose out of and in the course of the employment was accepted by the plaintiff in his pleading, being a condition precedent to compensation in all cases. And, when acceded to by both parties, the claimant is bound by his election. Ex parte Little Cahaba Coal Co., supra.

If the facts be such that he may repudiate the agreement or partial settlement, he should restore the status quo by a return of the installment payments, made and received by him under the terms of the Compensation Act. And, if such right of revocation exists, it is immaterial that such moneys were paid to the injured employé by the "insurance carrier." If such payments are made "in advance of agreement or award," such payments by the employer or insurance carrier are required by the statute to be "treated as advance payments on account of the compensation due." Section 7550, Code. It would be an unreasonable construction of the statute to say that, where there was an agreement to make acceptance of payments as compensation, subject to the provisions of the act (section 7544, Code), it was not a surrender of other rights or the exclusion of other remedies (section 7546), and that a settlement between the parties and payment by the employer or insurance carrier are made (section 7550, Code), such payment will be treated as advance payments on account of the compensation due. The acceptance of such compensation, under the undisputed facts, is in the nature of agreement or election operating as estoppel defeating this suit.

The case has to be reversed for failure to give defendant's requested charges, pursuant to the foregoing, asserting the estoppel.

Reversed and remanded.

ANDERSON, C. J., and SOMERVILLE and BROWN, JJ., concur.

