152 So. 217

### KNIGHT ELECTRIC CO. v. CRUMP et al.
### 6 Div. 472.

Supreme Court of Alabama.
Jan. 18, 1934.

J. P. Mudd, of Birmingham, for appellant.

Locke & Creel, of Birmingham, for appellee.

KNIGHT, Justice.

This appeal is prosecuted by appellant from a judgment of the circuit court of Jefferson county, awarding the appellees compensation, under the Workmen's Compensation Act (Code 1923, § 7534 et seq.), as dependents of the late William Henry Crump. The said William Henry Crump, an employee of appellant, was killed by an accident, within the line and scope of his employment, on or about the 9th day of December, 1932, and the appellants—mother and sister—were, at the time of the death of said Crump, wholly dependent upon him for a livelihood.

The sole question presented here for review, as stated by appellant in brief, is whether the court committed error in sustaining plaintiffs' demurrer to the defendant's plea in abatement.

It is made to appear in defendant's plea* in abatement that, after the death of William Henry Crump, Bessie J. Crump, one of the appellees in this case, duly qualified as the executrix of the last will and testament of the decedent, and thereafter instituted suit in the circuit court of Jefferson county against the Southern Construction Company, seeking the recovery of damages, under the Homicide Act (Code 1923, § 5696), for the wrongful death of the said Crump.

It is also averred in the defendant's plea in abatement that the deceased was an employee of the defendant, Knight Electric Company; that while he was so working as such employee, he fell through an open elevator shaft in a building, then under construction or repair, and was killed; that his death was the result of an accident arising out of and in the line of his employment by the defendant, Knight Electric Company; that the said Knight Electric Company was a subcontractor for the Southern Construction Company; that the Southern Construction Company was the "general contractor" engaged by the owner of said building to construct, repair, or remodel the same; and that the defendant, the said Knight Electric Company, was working on said building under the said Southern Construction Company. That at the time the accident occurred, causing the death of said Crump, the Knight Electric Company and the Southern Construction Company were, each, subject to the terms and provisions of the Workmen's Compensation Act of Alabama; that the death of said Crump was caused under circumstances creating legal liability for damages on the part of the Southern Construction Company; that the suit brought by the personal representative of said decedent is still pending and undisposed of in the circuit court of Jefferson county.

It is further averred that Bessie J. Crump, personal representative of the said Crump, and Bessie J. Crump, who sues in the present case as one of the dependents of said Crump, are one and the same person; that the said Mary E. Crump is the mother of said decedent, and is one of the principal distributees, under the statute, of the estate of said decedent; that she consented to, authorized, and acquiesced in, the appointment of Bessie J. Crump as executrix of the will of said deceased, and acquiesced in and consented to the institution of said suit against the Southern Construction Company.

It is also averred that by bringing suit under the Homicide Act against the Southern Construction Company, the said Bessie Crump as the personal representative of said decedent, and as one of his "principal dependents," has exercised the election given under section 7586, Code, to sue the said Southern Construction Company, and cannot proceed in this suit against the Knight Electric Company.

The question of the sufficiency of the plea in abatement was heretofore determined by this court adversely to the contention of appellant in the case of Ex parte Little Cahaba Coal Co., 213 Ala. 596, 105 So. 648. A reconsideration of that case, on this appeal, leaves us in full accord with the conclusion there reached. Under the authority of said case, we hold that the plea in abatement was insufficient, and the court properly sustained petitioner's (plaintiff's) demurrer thereto.

No other questions are argued by appellant, and it follows that the judgment appealed from is due to be, and is, affirmed.

Petition for certiorari denied; judgment affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.