FRINE P. ROSSINI
*vs.*
JOSEPH M. TONE

(Administrator Conn. Unemployment Comp. Law)

Superior Court     New Haven County     File No. 56047

MEMORANDUM FILED JANUARY 20, 1939.

*Louis B. Zacher,* of New Haven, for the Appellant.

*Francis A. Pallotti,* Attorney General; *Harry Silverstone,* Assistant Attorney General, for the Appellee.

ELLS, J.   The administrator of the Connecticut Unemployment Compensation Law made an assessment against Mrs. Rossini.   She has appealed.   The question at issue is whether certain musicians were employees.

Mrs. Rossini owns a small restaurant.   During the period in question she employed a cook, a waiter, and a dishwasher.   She hired a four-piece orchestra to furnish music for dancing on Saturday nights.   If these musicians are her employees, within the meaning of the act, she has five or more, and is liable for the tax assessed against her.

The test is found in the definition contained in the opening section of chapter 280a of the Supplement to the General Statutes (1937), " 'Employment' shall mean any service....performed under any express or implied contract of hire creating the relationship of master and servant."   It is difficult to understand why such archaic and socially barbarous words as "master" and "servant" are used in a modern social security law.   Our Workmen's Compensation Act defines an employee as "any person who has entered into or works under any contract of service....with an employer" (Gen. Stat. [1930] §5223).   The use of the phrase "master and servant" is studiously avoided throughout the act.

There is no essential legal distinction between the definitions. This being true, we have a considerable body of workmen's compensation law defining the meaning of the relationship. *Boyle vs. Mahoney,* 92 Conn. 404, is almost precisely in point. There, the musicians who played for Wednesday and Saturday night dances were "regularly paid by them" (the employers). Here it is claimed they were paid by the leader, and that this fact makes the *Boyle* case inapplicable. In the *Boyle* case they were engaged at a price fixed by the leader. The same is true in this case. Here, however, the employer gave a check each week to the leader, who, as required by union rules, endorsed it to a union official, who deducted a small tax for a benefit fund, and then paid each musician.

The service rendered by the musicians was as much a part of her business as that rendered by the waiter or the dishwasher. The employment, its date, its duration, where the musicians were to play, all were under the direction and control of Mrs. Rossini. The arrangements for payment, made necessary by union rules, do not vitally distinguish this case from the *Boyle* decision. There, "the musicians were in the employ of the appellants, even though the leader furnished the musicians and stipulated the amount of compensation they should receive." The decision in the *Boyle* case goes pretty far toward the verge, but it is the law, it is applicable to this case, and I must follow it. Furthermore, an inspection of the record in the *Boyle* case seems to show that the distinction which appellant's counsel finds in the decision does not actually exist, for on page 120 of the record it appears that the employer paid a lump sum to the orchestra leader.

Counsel contend that this is a "name" orchestra. A ruling by the Commissioner of Internal Revenue discusses a "name" orchestra and a "no name" one and holds that those employed by the leader of the "name" species are not employees of the restaurant owner. A careful consideration of that ruling, of the opinion of our own attorney general, and of the facts in evidence, convince me that these musicians are employees of the appellant and not of the leader.

The appeal is dismissed.