BRADLEY, Judge.
This petition for writ of certiorari is the result of a judgment rendered by the Circuit Court of Cleburne County denying appellant, Jimmy W. Craft, benefits under the Alabama Workmen’s Compensation Act.
Appellee, Tom Owens (d/b/a J. A. Owens & Company), operated a small hardware store in Heflin, Alabama. Owens decided to remodel his home and hired Craft, among others, as a carpenter to work on the home. Owens paid the laborers in cash and the work done on Owens’ place of residence was not connected with the operation of J. A. Owens & Company hardware store.
While in the employment of appellee, Craft sustained an injury which resulted in the loss of vision in one eye. Thereafter, Craft filed a claim for workmen’s compensation benefits against Tom Owens. Craft later amended his claim to include J. A. Owens & Company. A hearing was held on the matter and the trial court found that Craft was not entitled to receive workmen’s compensation benefits because his employment with Owens was casual and not in the usual course of Owens’ business. Consequently, the court concluded that Craft was precluded from obtaining workmen’s compensation benefits under the statutory provisions contained in Title 26, section 263, Code of Alabama 1940 (Recomp.1958) (currently found in Title 25, chapter 5, section 50, Code of Alabama 1975). Following the court’s judgment denying him benefits, Craft petitioned this court for writ of cer-tiorari asking that we reverse the judgment rendered below.
The sole issue for our consideration on appeal is whether the letter or spirit of the Alabama Workmen’s Compensation Law provides coverage for appellant, the carpenter hired to help build or remodel the private residence of the appellee. We hold that carpenters performing services of this nature are not entitled to workmen’s compensation benefits and therefore affirm the judgment of the circuit court.[1]
Title 26, section 263 exempts from workmen’s compensation coverage employees who are engaged in “casual employment” and whose employment is not in the “usual course of business of the employer.” Ex parte Little Cahaba Coal Co., 213 Ala. 596, 105 So. 648 (1925); Tuscaloosa Compress Co. v. Hagood, 229 Ala. 284, 156 So. 633 (1934). Construing statutory provisions similar or identical to Title 26, section 263, courts of other jurisdictions have consistently held that compensation acts do not apply to situations where a carpenter has been hired to assist in the construction or remodeling of his employer’s private residence. Lewis v. Industrial Comm’n, 93 Ariz. 324, 380 P.2d 782 (1963); Lynskey v. Lind, 94 Idaho 788, 498 P.2d 1261 (1972); Schuler v. Holmes, 242 Iowa 1303, 49 N.W.2d 818 (1951); Clement v. Minning, 157 Md. 200, 145 A. 485 (1929); Petrone v. Kennedy, 75 N.J.Super. 295, 183 A.2d 124 (1962). 1A Larson’s Workmen’s Compensation Law Inclusions and Exemptions § 50.21. In view of the above cited authority, we believe that the trial court properly concluded that Craft was hired as a carpenter to aid in the remodeling of his employer’s (Owens) private residence and that such employment was casual in nature as well as *392 outside the scope of his employer’s normal course of business as the proprietor of a hardware store. The evidence supported the court’s judgment and we will not disturb that judgment on appeal.
AFFIRMED.
WRIGHT, P. J., and HOLMES, J., concur.

. We note a distinction between the issue decided in the present case and the holdings found in the cases relied upon by Craft in his petition to this court. Ex parte Little Cahaba Coal Co., 213 Ala. 596, 105 So. 648 (1925); National Cast Iron Pipe Co. v. Higginbotham, 216 Ala. 129, 112 So. 734 (1927). Little Cahaba Coal Co. and Higginbotham involved cases in which a carpenter and painter, respectively, were employed to perform services on the employers’ ‘‘company owned home or homes.” Moreover, the carpenter in Little Cahaba Coal Co. was hired as a member of a regular crew of carpenters which the defendant retained for various maintenance duties, while the painter in Higginbotham was employed as a member of a team of painters which the employer engaged periodically to paint the houses of its industrial employees. On the basis of the factual situations involved in those cases our supreme court held that the trial court had correctly determined that the injured worker was entitled to workmen’s compensation benefits. However, we believe that the facts on which Little Cahaba Coal Co. and Higginbotham are premised are clearly distinguishable from the situation before us now. Accordingly, we find neither case controlling in this instance.