L. CHARLES WRIGHT, Retired Appellate Judge.
Bart Elrod filed a complaint for workmen’s compensation benefits in the Circuit Court of Etowah County against Webco Tool & Die, Inc., alleging that he was owed benefits for a work-related injury. Follow *1349 ing oral proceedings the trial court found the injury to be noncompensable. Elrod appeals.
The sole issue on appeal is whether an employer-employee relationship existed between Webco and Elrod for purposes of the workmen’s compensation act.
In a workmen’s compensation case, this court’s review is limited to a determination of whether there is any legal evidence to support the trial court’s conclusions. If a reasonable view of the evidence supports the findings of the trial court, this court may determine whether the correct legal conclusions have been drawn therefrom. Ex parte Eastwood Foods, Inc., 575 So.2d 91 (Ala.1991).
The record reflects that Webco is in the business of making tools, dies, jigs, and fixtures. Gene Blythe, the owner of Web-co, hired Elrod to weld metal roof trusses on his new storage building. The storage building was located adjacent to the Webco building. The storage building was built by various subcontractors that Blythe had personally hired.
Blythe and Elrod agreed that Elrod would be paid by the hour. On the day in question, Elrod and a friend arrived at the building scene and helped Blythe put the trusses on the roof. Elrod supplied his own welding machine and welding rods. While welding the trusses on top of the building, Elrod fell and was injured.
Elrod is self-employed. His business card describes his business as “Elrod Welding, 14 Hour Service, Truck.” His equipment and welding materials are kept in a shed with a sign that reads “Elrod Welding.”
Blythe paid Elrod with a miscellaneous expense check. There were no withhold-ings. All Webco employees were paid with payroll checks.
The trial court, finding the injury to be noncompensable, stated the following:
“[I]t is the finding of this court that the plaintiff was not an employee of the defendant. There was strong evidence in this case that the plaintiff was an independent contractor. At best, he was a casual employee, as this enterprise was not in the normal and usual course of business or trade of this defendant. However, the court does not find it necessary to determine whether the plaintiff was an independent contractor or casual employee, as neither is covered under the workmen’s compensation act.”
We find no evidence establishing an employer-employee relationship between Elrod and Webco. At best, Elrod could be called a casual employee of Webco because Blythe owned Webco.
Section 25-5-50, Code 1975, exempts from workmen’s compensation coverage persons whose employment at the time of the injury is casual and not in the usual course of the trade, business, profession, or occupation of the employer. Craft v. Owens, 359 So.2d 390 (Ala.Civ.App.1978); Aluminum Workers International v. Champion, 45 Ala.App. 570, 233 So.2d 511 (Ala.Civ.App.1970).
Webco was in the business of manufacturing. Blythe hired Elrod on an hourly basis to secure construction of the building. More specifically, he was hired to weld the trusses on the roof. His employment was temporary and for a specific purpose outside of the usual course of the manufacturing business of Webco. He was no more an employee of Webco than an attorney who might be employed for a specific case and paid by the hour. Aluminum Workers International.
The evidence supports the trial court’s finding that no employer-employee relationship existed between Elrod and Webco. The judgment of the trial court is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.