FRANK A. SCHAEFFER v. GEORGE DE GROTTOLA.

Argued November 7, 1913—Decided February 24, 1914.

1. A petitioner under the Workmen's Compensation act testified that the employer told him to "come Monday morning. I will give you some work to shave the skins;" that the price was to be so much a dozen and if petitioner did better work, sixteen cents. *Held*, that from this evidence the trial judge might properly find that the intent was to give petitioner employment at piece work in the defendant's regular business without limit as to time; such employment was not casual.

2. A petitioner under the Workmen's Compensation act had at the time of the injury worked only part of one day for the employer; he was to be paid by the piece, and had earned $1.60 up to eleven o'clock A. M. *Held*, that it might properly be found that he was earning at the rate of $4 per day.

On *certiorari* to Essex Pleas.

Before Justices SWAYZE and BERGEN.

For the prosecutor-defendant, *Conover English.*

For the plaintiff, *Benjamin M. Weinberg.*

The opinion of the court was delivered by

SWAYZE, J. The petitioner was employed by Hezhelmelch at shaving skins. The work was done in Schaeffer's factory. Hezhelmelch ran out of skins to shave and thereupon Schaeffer employed the petitioner to shave skins at so much per dozen. Schaeffer had at that time twenty odd dozen skins of a certain kind, and was trying out a new line of goods. He had no expectation of having more of the same kind. His regular business was with a different kind. The petitioner was able to shave thirty or more dozen a day, so that the twenty odd dozen was not a full day's work. He was injured at eleven A. M. the first day he worked for Schaeffer. He had then earned $1.60.

Two question are raised—*first,* was the employment casual; *second,* was it proper to allow $10 per week as compensation?

The first question is not wholly free from doubt, but we think the trial judge might properly find that the employment was not casual. The petitioner testified that Schaeffer told him "come Monday morning, I will give you some work to shave the skins;" that the price would be fifteen cents a dozen, and that if the petitioner did better work, the price would be sixteen cents. If the trial judge believed this testimony, as he had the right to do, it was at least a fair inference that the intent was not to limit the work to the twenty dozen skins of the special kind, but to give the petitioner employment at piece work in Schaeffer's regular business without limit as to time. Such employment, we think, would not be casual.

We have more difficulty with the basis on which the compensation was computed. There was no daily wage earned in Schaeffer's employ. Our statute does not contain the provision found in the English statute as to average wages, and the case seems not to be within the express language of the act, which makes no provision for the case of piece work. It allows fifty per cent. of daily wages, with a maximum allowance of $10 per week. The petitioner had earned $1.60 up to eleven o'clock in the morning. He was capable of doing thirty dozen or more skins per day, which would bring him $4.50 or more per day. It required no strain of language to say that at the time of the injury he was earning at the rate of $4 per day. Unless cases of men who are paid by the piece are to be excluded from the benefit of the statute, we know no other way to determine the amount of their compensation, and we cannot bring ourselves to believe that the legislature meant to exclude them.

We think the judgment must be affirmed, with costs.