(No. 11873.—Judgment affirmed.)

THE AMERICAN STEEL FOUNDRIES, Plaintiff in Error, *vs.* THE INDUSTRIAL BOARD OF ILLINOIS *et al.* Defendants in Error.

*Opinion filed June 20, 1918.*

1. WORKMEN'S COMPENSATION—*liability imposed by section 31 of Compensation act of 1913 is not limited to contractors.* The main purpose of the Workmen's Compensation act is to provide compensation for injuries sustained by employees engaged in hazardous work, and the liability imposed by section 31 of the act of 1913 upon every person who contracts with another to do such work for him and who fails to require the party undertaking to do the work to insure his liability for injuries to employees engaged in the work is not limited to contractors employing sub-contractors but includes the person, firm or corporation for whom the work is to be done.

2. SAME—*when agreement between employer and employee does not make them partners.* Where a contractor who undertakes to do hazardous work for another agrees to pay his employee who is

to act as foreman one-half of the net profits on the job, which sum shall not be less than five dollars per day, such agreement does not render the contractor and his foreman partners where the foreman is not liable for losses.

3. SAME—*mere fact that the employment is for one job does not make it casual.* The mere fact that an employment is for one job, only, does not necessarily make the employment casual, and where no proof is offered showing how long the work would last, it will not be assumed that its duration was for such a short period as to make the employment casual. (*Aurora Brewing Co.* v. *Industrial Board,* 277 Ill. 142, distinguished.)

WRIT OF ERROR to the Circuit Court of Madison county; the Hon. J. F. GILLHAM, Judge, presiding.

WILLIAM E. WHEELER, (PAM & HURD, of counsel,) for plaintiff in error.

OWEN G. JACKSON, and JONES H. PARKER, for defendants in error.

Mr. JUSTICE COOKE delivered the opinion of the court:

Defendant in error Kate Shaw filed her petition with the Industrial Board for the allowance of compensation claimed to be due her from plaintiff in error, the American Steel Foundries, on account of the death of her husband, Harry Shaw. A hearing before the arbitrator resulted in a finding that plaintiff in error was not liable to pay compensation for the death of Shaw. Upon review the Industrial Board set aside the decision of the arbitrator and awarded Mrs. Shaw the sum of $3500 against plaintiff in error. The circuit court of Madison county upon writ of *certiorari* affirmed the award of the Industrial Board, and having certified that the proceeding is one proper to be reviewed by this court, the record has been brought here for review by writ of error.

The case was heard by the arbitrator and by the Industrial Board upon a stipulation of facts, from which it

appears that plaintiff in error is a corporation engaged exclusively in making railway steel castings; that in conducting its business it maintains a number of buildings at its plant in Granite City fitted with smoke-stacks; that on October 25, 1915, the plaintiff in error entered into a written contract with Charles Malone, whereby Malone agreed to completely wreck one of those smoke-stacks for $140; that thereafter Malone arranged with Harry Shaw, the husband of defendant in error Kate Shaw, to undertake the work of employing help and supervising the work of wrecking the smoke-stack, Malone agreeing to give Shaw for his services one-half of the contract price after deducting the expenses, and further agreeing that if such one-half should not equal five dollars per day for the time Shaw devoted to the work Malone would make up the deficiency of five dollars per day; that thereafter Malone employed two men to work on the smoke-stack under the direction of Shaw, and those two men and Shaw entered upon the performance of the work of wrecking the smoke-stack, Malone furnishing all appliances; that while engaged in this work Shaw on October 30, 1915, fell from the smoke-stack a distance of ninety feet and sustained injuries from which he died; that at the time of his death Shaw was a stack-wrecker and in that employment earned $1000 per year; that he left surviving him his widow, the defendant in error Kate Shaw, and certain step-children, towards whose support he had contributed for a period of five years next preceding his death. It was further stipulated that at the time of the accident plaintiff in error was operating under the provisions of the Workmen's Compensation act and that Shaw had not rejected the provisions of that act; that Malone had not taken out any insurance covering his liability to his employees for compensation in accordance with the Workmen's Compensation act, and that Malone is insolvent.

Plaintiff in error contends that as Shaw was not in its employ it cannot be required to pay compensation for his

death.   Section 31 of the Workmen's Compensation act of June 28, 1913, (Laws of 1913, p. 355,) which was in force when Shaw was injured, provided: "Any person, firm or corporation, who undertakes to do or contracts with others to do, or have done for him, them or it, any work enumerated as extra-hazardous in paragraph (*b*), section 3, requiring employment of employees in, on or about the premises where he, they or it, as principal or principals, contract to do such work, or any part thereof, and does not' require of the person, firm or corporation undertaking to do such work for' said principal or principals, that such person, firm or corporation undertaking to do such work shall insure his, their or its liability to pay the compensation provided in this act to his, their or its employees and any such person, firm or corporation who creates or carries into operation any fraudulent scheme, artifice or device to enable him, them or it to execute such work without such person, firm or corporation being responsible to the employee, his personal representative or beneficiary entitled to such compensation under the provisions of this act, such person, firm or corporation shall be included in the term 'employer' and with the immediate employer shall be jointly and severally liable to pay the compensation herein provided for and be subject to all the provisions of this act."

Plaintiff in error contends that it cannot be held liable under this section because the section applied only where there was a contractor and a sub-contractor, and imposed liability on the contractor where he failed to require the sub-contractor to insure his liability for compensation under the act.   While the section contains much unnecessary verbiage which furnishes a basis for plaintiff in error's contention, a reasonable construction of the language used leads to the conclusion that it was not the legislative intention to limit the liability imposed by the section to contractors. The main purpose of the Workmen's Compensation act was and is to provide compensation for injuries sustained by

employees engaged in hazardous work. Evidently realizing that some employers are financially irresponsible and that the provisions of the act would be of no benefit to the employees of such if their claims for compensation could be made only against their immediate employers, the legislature embodied section 31 in the act, imposing liability for compensation upon every person who should contract with another to do or have done for him any work enumerated in the act as extra-hazardous, and who failed to require the one undertaking to do the work to insure his liability to pay the compensation provided in the act to any employee who might be injured while engaged in that work in or about the premises of the one for whom the work was being done. The description of the persons upon whom section 31 imposed liability included any person, firm or corporation who "contracts with others to do, or have done for him, them or it, any work enumerated as extra-hazardous." The plaintiff in error contracted with Malone to do the work of wrecking the smoke-stack, which work was extra-hazardous, and plaintiff in error therefore comes within the description of the persons upon whom liability was imposed by the section. The fact that the words "principal" and "principals" were thereafter used in the section as referring both to the person contracting with another to do or have done for him the extra-hazardous work and to the one undertaking to do such work, thereby rendering the section ambiguous, should not be permitted to defeat the evident purpose of the legislature in adopting section 31 as a part of the act.

Plaintiff in error contends that Shaw was not an employee but by reason of his contract with Malone became a joint contractor with Malone in the wrecking of the smoke-stack. The effect of the arrangement between Malone and Shaw was not to make them partners in the enterprise, as the plaintiff in error contends it was. As we view it, the arrangement between them can only be regarded as the em-

ployment of Shaw by Malone at five dollars per day to supervise the wrecking of the smoke-stack, with the further promise by Malone that if one-half of the profits received by him for the work exceeded Shaw's total wages at the rate of five dollars per day, then Malone would pay Shaw additional compensation for his work. Under this arrangement Shaw did not become liable for any losses that might be sustained in the enterprise nor was he necessarily to share in the profits. He occupied the position of foreman in the wrecking of the smoke-stack, and as such he was an employee of Malone.

Plaintiff in error finally contends that Shaw's employment by Malone was merely casual and that he was therefore not entitled to the benefits of the Workmen's Compensation act, as section 5 of the act of June 28, 1913, expressly excluded from the persons included within the act as employees, "any person whose employment is but casual." In support of the contention that Shaw's employment was but casual plaintiff in error relies upon *Aurora Brewing Co.* v. *Industrial Board,* 277 Ill. 142, where it was held that an employee engaged for one job, only, lasting for three or four days, is not within the provisions of the act because his employment is but casual. In the case at bar, however, no proof was offered showing that the job of wrecking the smoke-stack was one which would last but three or four days. The mere fact that the employment is for one job, only, does not necessarily make the employment casual, and in this case we cannot assume that the duration of the work was for such a short period as to make the holding in *Aurora Brewing Co.* v. *Industrial Board, supra,* applicable or controlling here.

The judgment of the circuit court is affirmed.

*Judgment affirmed.*