GEORGE T. BENOY v. HALVOR TORKELSON.[1]

December 12, 1924.

No. 24,232.

**Award of compensation authorized by facts.**

In a workman's compensation case it is *held* the findings that the employe was not a farm laborer, that the employment was not casual, and was in course of the business and occupation of the employer, are not without sufficient support.

Upon the relation of Halvor Torkelson the supreme court granted its writ of certiorari to review the award of compensation by the Industrial Commission in an action brought under the Workmen's Compensation Act by George T. Benoy, employe, against relator, employer. Affirmed.

*Halvor Steenerson, Theodore F. Neils* and *O. O. Myhre,* for relator.

*Clifford L. Hilton,* Attorney General, and *Hugo V. Kock,* for respondent.

HOLT, J.

The employe was awarded compensation, and on certiorari the employer attacks the same on the ground that (a) the employe at the time of the injury was working as a farm laborer; (b) that his employment was casual; and (c) that he was not employed in the usual course of the trade, business, profession or occupation of the employer.

The finding is that the employe was employed as a carpenter. He was engaged in building a potato warehouse when injured, and, unless the erection of such warehouse was incidental to the operation of a farm, the finding obviously cannot be disturbed. This will be considered further in connection with the employer's business or occupation.

The commission found the employment of Benoy was not casual. The law as amended by section 1 of chapter 300, p. 398, L. 1923,

[1] Reported in 201 N. W. 312.

defines when an employe is excluded from its benefits: "This act shall not be construed or held to apply to any common carrier by steam railroad, domestic servants, farm laborers or persons whose employment at the time of the injury is casual, and not in the course of trade, business, profession or occupation of his employer." It is thus seen that casual employment does not exclude from the compensation act, if it is in the usual course of the trade or occupation of the employer. It is unthinkable that an employer in the course and conduct of his regular business may take his employes out of the compensation act by merely hiring them from day to day or for an indefinite time. The employe who goes to work but for a day in the usual course of the employer's business is within the act. State ex rel. v. District Court of Rice County, 131 Minn. 352, 155 N. W. 103, Ann. Cas. 1917D, 866; Klein v. McCleary, 154 Minn. 498, 192 N. W. 106. The evidence in this case justified the trier in concluding that the employment contemplated not only the carpenter work in erecting the warehouse, but also overseeing and operating it after built. Hence the finding that the employment was not casual has support, and under the rule governing such cases this court cannot interfere.

The real determinative question is whether the erection of the potato warehouse came within the usual course of the trade, business, profession or occupation of the employer, and whether this finding so holds and is sustained, viz: "That on 13th day of September, 1923, Halvor Torkelson, the employer herein, was engaged in the construction of a certain warehouse and storage building in the village of Mentor, Minnesota, and that the purpose of such building was to permit the respondent herein to engage in the storing, buying and shipping of potatoes as a commercial enterprise, and that such occupation is a substantial part of the activities wherein the employer expends his usual every day efforts to gain a livelihood." A person may concurrently carry on two or more occupations, businesses, trades and professions. The evidence discloses that Torkelson is and always has been a farmer. He owns a 160-acre farm and has rented adjoining land. In addition to the hay made on the land he farms, he has for years bought hay from others,

baled and shipped the same to market. In that work he had erected a hay shed or barn near the railroad in Mentor and about 4 miles from his farm. The last 3 years he had turned his attention to raising more potatoes, having harvested 3,000 bushels from 28 acres in 1923. In previous years he had also bought some carloads of potatoes and shipped to market in connection with those of his own production. He had no facility for storing such quantities of potatoes as he was raising on the farm. And, for the purpose of loading and shipping them when the market should be right, it was really necessary to have a store-room or a warehouse near the track in Mentor. In the last of August or first of September, 1923, Torkelson began the erection of such a warehouse upon ground leased from the railroad company, using lumber from the old hay shed. Benoy applied for and was given work as a carpenter. In trimming down a board with a hatchet, a knot flew out and struck his eye, destroying its vision. The capacity of the warehouse was about twice that of the crop Torkelson raised in 1923. He stored and shipped some 6 or 7 carloads in addition to his own that season. There was some evidence of a holding out as a potato dealer, but not very persuasive. On the whole, we may say that the record would more satisfactorily sustain a finding that the warehouse was erected as a necessary adjunct to the successful conduct of his occupation as a potato-raising farmer, and the matter of storing and shipping a few carloads of potatoes not raised by him was a mere incident of his farming. But we are mindful of the conclusiveness of the finding of the commission, unless it can be said, as a matter of law, that there is no evidence to sustain the same. Where a lumber dealer determined to add also a fuel business, and to that end constructed a shed for the new stock, and a workman engaged in that work was injured, it was held, as a matter of law, that the injury occurred in the employer's course of business. State ex rel. Lundgren v. District Court, 141 Minn. 83, 169 N. W. 488. It is not necessary that a new business be in operation, it is sufficient if it appears that the work in which the injured employe was engaged was in erecting the necessary structures for the business, trade or occupation the employer had concluded to carry on. We are not

justified in holding unsupported the finding that Torkelson in erecting this warehouse was entering upon a business additional to that of his occupation as a farmer.

The award is affirmed.