JAMES J. MULLEN, APPELLANT, v. HARRY R. WALKER ET AL., DOING BUSINESS AS H. R. WALKER & SONS, RESPONDENTS.

Submitted May 26, 1928—Decided October 15, 1928.

For the appellant, *Edward A. Markley.*

For the respondents, *William B. Stites.*

The opinion of the court was delivered by

CAMPBELL, J. This is an appeal from a judgment of nonsuit.

Appellant, through a newspaper advertisement of respondents, who were flour merchants, sought employment with them. He had been regularly employed until May 2d or 3d, 1926, when he lost his position. On May 4th, because of the advertisement of respondents, he applied to them for work, and was informed that such work as they then had to offer him was not permanent, but consisted in unloading one carload of flour from the car to their warehouse.

This employment he accepted and worked that day from one P. M. to four-ten P. M., and was paid $3.

He was informed by respondents that they expected another car within two or three days, and was asked by them if he liked the work, and if he would care to work in unloading such other car. He replied that he would if he then had no regular employment, and gave to respondents his home address.

On May 6th respondents left word at his home for him to report at their place of business the next day at eight A. M. Being still out of employment he did so, and found that they had another car for unloading, accepted the employment, and was directed to remove the bags of flour from the car and pile them at a certain place in the warehouse, making piles as high as the ceiling, if possible. He was directed to do this work in connection with a foreman or other employe of respondents. In order to pile the bags high, it was necessary, after the first row had been piled to a certain height, to start a second pile, upon which appellant stood, in putting the bags on top of the first pile. While doing this the first pile bulged and a number of bags fell upon appellant and he was injured, and for such injuries brought suit against the respondents.

At the trial of such action a nonsuit was asked for upon the grounds—

1. That the employment was not casual, and, therefore, appellant's sole remedy was under the Employers' Liability act.

2. That appellant was guilty of contributory negligence.

3. That the appellant assumed the risk.

4. That the negligence, if any, was solely that of appellant, or, if not, it was that of a fellow-servant, and he could not recover.

The trial court granted the motion and directed the entry of the judgment of nonsuit, holding that the question of contributory negligence was one of fact for the jury to determine, but that the employment was not casual, as defined by the statute, and that therefore the appellant could not have his present action, and that it was not necessary to pass upon the questions of assumption of risk and fellow-servant negligence.

We conclude that, under the statute, and *Sabella* v. *Brazileiro*, 86 *N. J. L.* 505, affirmed by this court, 87 *Id.* 710, the conclusion and action of the trial court was correct and the judgment under review is therefore affirmed, with costs.

*For affirmance*—THE CHIEF JUSTICE, TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, LLOYD, WHITE, VAN BUSKIRK, McGLENNON, KAYS, HETFIELD, DEAR, JJ. 15.

*For reversal*—None.