SOMERSET COUNTY COURT OF COMMON PLEAS.

HERBERT VAN NUYS, PETITIONER-RESPONDENT, v. EMANUEL LEVINE AND SAM BASS, TRADING AS LEVINE & BASS, RESPONDENTS-APPELLANTS.

Decided April 12, 1933.

For the petitioner-respondent, *James I. Bowers.*

For the respondents-appellants, *Herr & Heath (Ryman Herr,* on the brief).

REGER, C. P. J. This is respondents' appeal from a judgment of the New Jersey workmen's compensation bureau in favor of petitioner awarding him compensation for injuries received in an accident which occurred on August 27th, 1930. The original petition was filed on April 18th, 1931, and judgment was entered September 6th, 1932.

The grounds of appeal are three in number, to wit:

(1) That petitioner was not an employe of respondents.

(2) If petitioner was an employe, that he is not entitled to compensation because his employment was "casual."

(3) That the award is excessive.

The proof offered by petitioner of his employment by respondents is found in his testimony to the effect that on August 27th, 1930, he was employed by respondents to go to

Newark with a load of peaches; that his work was to help load and unload the peaches; that on the return trip the accident occurred which resulted in his injuries and that sometime after the accident he was paid $4 for this work; that he had not done any particular work for respondents before but had done "odds and ends" of work. When these odds and ends were done does not appear.

It developed on cross-examination that prior to this alleged employment petitioner was a truck farmer and that in addition to and as a side line to his farming he solicited orders for peaches for a dealer named Sirokes for which he received a commission from Sirokes; that the peaches which were being transported at the time of the accident had been solicited for Sirokes from a man named Bush; that on the day in question Sirokes came for petitioner and together they went to respondents place and arranged with respondents for the transportation of the peaches to Newark; that then Sirokes, petitioner and Levine went to Bush's and that the peaches were there loaded; that petitioner helped to load the peaches because he wanted them to get to Newark in good condition; that when they returned to respondents place Levine, one of the respondents, suggested that petitioner go along to Newark to help him and that petitioner assented and went along. Petitioner said that he had assisted respondents before at times but had not been paid wages and that respondents had at times helped him. That these were mutual exchanges between neighbors without thought of compensation except on this one occasion. That no wages had ever been paid him before by respondents but that sometimes he would be given a chicken or whatever happened to be there.

The respondents deny there was any employment but admit that in a statement to an insurance company after the accident they said that petitioner was employed by them and explained this statement by saying that they wanted to help petitioner get compensation.

They deny also paying petitioner any money or wages.

While the proof of employment is not altogether satisfactory it would appear that respondents requested and ac-

cepted petitioner's service on this occasion; that he rendered some service and that there was therefore an employment.

Was this employment casual within the meaning of the Workmen's Compensation act?

Paragraph 23 of the act as amended *Pamph. L.* 1919 (at *pp.* 211, 212), defines casual employment "if in connection with the employer's business, as employment the occasion for which arises by chance or is purely accidental; or if not in connection with any business of the employer, as employment not regular, periodic or recurring."

It may be noted that employment described as casual is divided into two classes: (1) that which is in connection with the employer's business the occasion for which arises by chance or accident, and (2) that which is not in connection with the employer's business and is not regular, periodic or recurring.

That the service of petitioner in this case, if rendered, was in connection with respondent's business is not disputed so that the inquiry must be directed to the question whether the occasion for it arose by chance or was purely accidental.

What the legislature had in mind in exempting from the act, employment, the occasion for which arises by chance or is accidental, is not clear.

It will be noted that it is the occasion for the employment that must arise by chance or accident, not the employment itself, that makes the employment casual. The employment itself could hardly be said to arise by chance or accident for employment contemplates a contract between employer and employe.

A reasonable construction of the language of this part of the statute would seem to be that when in the course of an employer's business, the necessity for extra help arises and he employs such help temporarily for a particular job which is not to be continued at regular or recurring intervals, it is an employment the occasion for which arose by chance or accident, and is therefore casual.

The occasion for petitioner's employment in this case accepting petitioner's version of it, evidently arose without any prearrangement, when he was requested, according to

his own testimony, to go along with Levine to Newark after the peaches were loaded. The occasion arose by chance.

In the case of *Thompson* v. *Wagner*, 103 *N. J. L.* 230; 135 *Atl. Rep.* 800; *affirmed*, 104 *N. J. L.* 198; 139 *Atl. Rep.* 344, the petitioner was employed with others to remove snow from railroad track. He was injured on the day he went to work but worked all or a part of the second day and then stopped because of the injury.

It was held that this was an employment the occasion for which arose by chance and that it was therefore "casual" within the meaning of the statute.

This case is dispositive of the case at bar. In the Thompson *v.* Wagner case the occasion for the employment was the need of the employer for help in removing a fall of snow which might not be recurring. In the case at bar the occasion for the employment was the need of respondents for help to unload a truck load of peaches with no expectation of further need of petitioner's service. There is no proof nor any suggestion that petitioner's service would be desired or required for any future day. The employment was casual within the meaning of the act.

My attention has been called to the case of *Sabella* v. *Brazilerio*, 86 *N. J. L.* 505; 91 *Atl. Rep.* 1032, but that case is distinguished from the case at bar in that the petitioner was employed to do a part of a service recurring somewhat regularly, with a fair expectation of the continuance for a reasonable period.

In the present case there had been no such employment before, nor was there any proof of the expectation of future employment.

In the case of *Mullen* v. *Walker*, 105 *N. J. L.* 199; 143 *Atl. Rep.* 363, the employe was injured during a second day's work after having been employed on a previous day in the same kind of work. It was held not casual evidently because recurring.

The conclusion reached that the employment was casual makes it unnecessary to consider the third ground of appeal that the award is excessive.

The award will be set aside.