Allen, J.
 

 In this case individual awards were made by the Industrial Commission to William Myers and Thomas Mitchell, for injuries occasioned by their falling from a scaffold while painting. It is conceded that the injuries were received during the course of employment, and the amounts of the awards are not in controversy. In the suits later instituted against the non-complying employer and later consolidated the trial court rendered judgment for the defendant, Alfred Christen, upon the ground that he was not, at the time of the injury complained of, an employer within the meaning of the Workmen’s Compensation Act of this state, and this judgment was affirmed by the Court of Appeals.
 

 It is shown by the record that Christen was a painting and decorating contractor. At the time of the injury, which was sustained upon April 23, 1930, and for a three-week period immediately prior thereto, and for some three weeks immediately thereafter, the defendant had employed and was employing three or more men, and he had hired these men to do painting “as
 
 *58
 
 long as lie had work.” The particular job required Christen to retain three men in his employ for at least three weeks thereafter.
 

 The sole legal question presented by the record, therefore, is whether or not the defendant, Alfred Christen, at the time of this accident, was an employer within the meaning of Section 1465-60, General Code. The material part of this section reads as follows: “The following shall constitute employers subject to the provisions of this act: * * *
 

 “Every person, firm and private corporation, * * * that has in service three or more workmen or operatives regularly in the same business, or in or about the same establishment under any contract or [of] hire, express or implied, oral or written.”
 

 As a preliminary to the decision of this question, we have first to consider whether Section 1465-61, which defines employees under the act, is to be construed with Section 1465-60, General Code.
 

 The original Workmen’s Compensation Act of May 31, 1911 (102 Ohio Laws, 524), contained no section specifically defining “employer” or “employee” under the provisions of the act. Section 1465-60, paragraph 2, General Code, defining an employer, first appeared in the act of February 26,1913 (103 Ohio Laws, 72). Section 1465-61, paragraph 2, defining employee, first appeared in the same act of 1913.
 

 Section 1465-60 has remained the same in all succeeding acts to the present one now in force, except for the change made by the' act of April 6, 1923 (110 Ohio Laws, 224), from the phrase “five or more” to “three or more.”
 

 Section 1465-61, paragraph 2, was amended by the act of March 20, 1917 (107 Ohio Laws, 157), by substituting the conjunctive “and” for the disjunctive “or” in the last clause, to wit: “but not including any person whose employment is but casual and not in the
 
 *59
 
 usual course of trade, business, profession or occupation of Ms employer.”
 

 Section 1465-61, paragraph 2, was amended by the act of April 17, 1919 (108 Ohio Laws, pt. 1, 313), by omitting the phrase “who are legally permitted to work for hire under the laws of the state” used before the word ‘ ‘ minors. ’ ’
 

 In both- Section 1465-60 and Section 1465-61, by the act of April 6, 1923 (110 OMo Laws, 224), the phrase “five or more workmen” was changed to “three or more workmen.”
 

 It has frequently been held that the various provisions of the Workmen’s Compensation Act, being
 
 in pari materia,
 
 must be construed together. Thus the court, speaking in the case of
 
 DeWitt
 
 v.
 
 State, ex rel. Crabbe, Atty. Genl.,
 
 108 Ohio St., 513, 141 N. E., 551, in considering a question arising under Section 1465-61, General Code, said: “In considering the foregoing provision of the act we must construe the act in its entirety,” and then proceeded to discuss Section 1465-60, paragraph 2. Again in the op-imon, on page 521, it is stated that “Sections 1465-60 and 1465-61, General Code, are
 
 in pari materia,
 
 and must be construed together.”
 

 WMle these statements are not carried into the syllabus, the holding of the court in that case was premised upon that construction.
 

 That this rule is not confined to this jurisdiction is shown by the fact that in
 
 Workmen’s Compensation Exchange
 
 v.
 
 Chicago, M., St. P. & P. Rd. Co.,
 
 45 F. (2d), 885, it is declared that the Workmen’s Compensation Act, in ascertaimng the legislature’s intention, must be considered as a whole.
 

 In
 
 Palle
 
 v.
 
 Industrial Commission,
 
 79 Utah, 47, 7 P. (2d), 284, 81 A. L. R., 1222, the court, in construing a statute defining “employer,” considered the fact that another section of the Utah act, very similar to our own Section 1465-61, paragraph 2, General Code, wMch
 
 *60
 
 defines an employee, was to be construed together with the statute defining employer.
 

 The Utah court of last resort then allowed recovery, holding that the terms “employer” and “employee” in statutes similar to our own in many provisions were
 
 in pari materia,
 
 and were to be construed together.
 

 "We conclude, therefore, that Sections 1465-60 and 1465-61, so far as they relate to this subject, having been enacted at the same time, and as part of the same, enactment, are to be construed together.
 

 Section 1465-61, in its material part, which is contained in paragraph 2, reads as follows:
 

 “2. Every person in the service of any person * * * employing three or more workmen or operatives regularly in the same business, or in or about the same establishment * * * but not including any person whose employment is but casual and not in the usual course of trade, business, profession or occupation of his employer.”
 

 Reading these two sections together, was the defendant, upon the date of the injury, an employer within the purview of the Workmen’s Compensation Act?
 

 It is argued on behalf of the defendant that the act must be construed strictly, and that the word “regularly” must be given the meaning of “in accordance with some constant or periodic rule of practice.” In this connection, the defendant quotes
 
 Green
 
 v.
 
 Benedict,
 
 102 Conn., 1, which holds that the test in determining whether one who employs more and less than five employees at irregular intervals is exempt from the provisions of the Workmen’s Compensation Act, on the ground that he has regularly less than five employees, is not the average daily number of such employees, but whether upon all the facts it can be said that there is regularity in the employment of less than five.
 

 This case, however, construes á statute quite differ
 
 *61
 
 ent from our own, and we therefore proceed to consider the problem from the standpoint of the Ohio law.
 

 Under Section 1465-61, if the employee is regularly employed, he is an employee to be counted in the regular employment demanded under Section 1465-60 for the purpose of fixing the status of the employer within the provisions of the act. In other words, if a man is employed “regularly,” obviously his employer employs him “regularly,” under the wording of these sections.
 

 What, then, is regular employment, under Section 1465-61?
 

 We cannot escape the significance of the fact that under Section 1465-61, which defines an. employee, the word “regularly” has been further defined by the addition of the phrase “but not including any person whose employment is but casual and not in the usual course of trade, business, profession or occupation of his employer.”
 

 Now “casual,” according to the lexicographers, is an antonym for “regular.” The Century Dictionary defines “casual” as “occasional; coming at uncertain times, or without regularity, in distinction from stated or
 
 regular;
 
 incidental: as
 
 casual
 
 expenses,” and this contradistinction in the terms is emphasized by the statute, which, after stating that the test of the status of the employee is that he be “in the service of any person * * employing three or more workmen or operatives regularly in the same business,” adds “but not including any person whose employment is but casual and not in the usual course of trade, business, profession or occupation of his employer.”
 

 Under the familiar rule of
 
 eoopressio umíus,
 
 any person whose employment is not casual and is in the usual course of trade, business, profession or occupation of his employer, within this definite statutory provision, is regularly employed.
 

 Under the weight of authority as it now exists, the
 
 *62
 
 test as to what constitutes “casual” employment is not the length of the employment, but the nature of the employment.
 
 Sabella
 
 v.
 
 Brazileiro,
 
 86 N. J. L., 505, 91 A., 1032;
 
 Schaeffer
 
 v.
 
 De Grottola, 85 N.
 
 J. L., 444, 89 A., 921;
 
 American Steel Foundries
 
 v.
 
 Industrial Board,
 
 284 Ill., 99, 119 N. E., 902;
 
 Caca
 
 v.
 
 Woodruff,
 
 70 Ind. App., 93, 123 N. E., 120;
 
 Miller & Lux, Inc.,
 
 v.
 
 Industrial Accident Commission,
 
 32 Cal. App., 250, 162 P., 651;
 
 Dyer
 
 v.
 
 James Black Masonry & Contracting Co.,
 
 192 Mich., 400, 158 N. W., 959;
 
 Scott
 
 v.
 
 Payne Bros., Inc.,
 
 85 N. J. L., 446, 89 A., 927;
 
 Mullen v. Walker,
 
 105 N. J. L., 199, 143 A., 363;
 
 Jordan
 
 v.
 
 Weinman,
 
 167 Wis., 474, 167 N. W., 810;
 
 Holman Creamery Assn.
 
 v.
 
 Industrial Commission,
 
 167 Wis., 470, 167 N. W., 808;
 
 Gotchy
 
 v.
 
 North Dakota Workmen’s Compensation Bureau,
 
 49 N. D., 915, 194 N. W., 663;
 
 Benoy
 
 v.
 
 Torkelson,
 
 161 Minn., 223, 201 N. W., 312;
 
 Pfister
 
 v.
 
 Doon Electric Co.,
 
 199 Iowa, 548, 202 N. W., 371;
 
 Gaynor’s Case,
 
 217 Mass., 86, 104 N. E., 339, L. R. A., 1916A, 363;
 
 Johnson
 
 v.
 
 Choate,
 
 284 Ill., 214, 119 N. E., 972.
 

 Under the general doctrine of these cases, the test is whether the employment was in the usual course of the employer’s business. If so, the employment is held to be not “casual”.
 

 Did the contractor, Christen, employ three or more men at the time of the accident in the usual course of his employment? He had them in his employ three weeks immediately prior to and for several weeks following the injury. Concededly he did employ three men for some eighteen weeks out of the one hundred and four weeks covered by the record. It is argued that this is only an occasional, irregular and desultory employment. But these men were hired to work as long as Christen had work, for an indefinite time, in the usual course of Christen’s business. The case is thus stronger upon the facts than decisions above cited where the employment was held to be not casual, al
 
 *63
 
 though it was for one job only, and that a job more limited in time than the present case, such as
 
 American Steel Foundries
 
 v.
 
 Industrial Board, supra.
 
 In
 
 Scott
 
 v.
 
 Payne Bros., Inc., supra,
 
 the employment was for an “indefinite period,” and the employment was held to be not casual.
 

 The case of
 
 State, ex rel. Turner, Atty. Genl.,
 
 v.
 
 Derrer,
 
 101 Ohio St., 498, 130 N. E., 557, does not aid the court in the solution of this problem. That case was decided entirely as a question of fact, and lays down no principle of law whatever. Quoting from the
 
 per curiam
 
 opinion, we see that the entire holding in the case was as follows:
 

 “By the pleadings a direct issue was made as to whether or not the defendants in error were partners, as claimed by the plaintiff below; .and whether the defendants in error were at the time Bartlett was in their employment employing five or more workmen or operatives regularly in the same business, within the meaning of Section 1465-61, General Code.
 

 “It was the duty of the court of appeals to weigh the evidence touching these issues, and the affirmance of the judgment of the common pleas by the court of appeals shows that it did not find that the judgment was against the weight of the evidence. In conformity to its well-established rule, this court will not weigh the evidence under the circumstances presented here, and the judgments of the courts below must be affirmed.”
 

 The nisi prius case,
 
 State, ex rel. Turner, Atty. Genl.,
 
 v.
 
 Derrer,
 
 23 N. P. (N. S.), 519, the decision of which was affirmed by the Court of Appeals, lays down a rule that in order to come within the Workmen’s. Compensation Act, an employer must have in his service five or more men under a contract for continuous service of a character necessary to the regular conduct of the business. The word “continuous” is nowhere employed in the statute. This action
 
 *64
 
 was filed in the Court of Common Pleas prior to the amendment of 1917, and argued in all the courts-upon the form of the statute as it existed prior to the amendment of 1917, which amendment defines an employee as above set forth, and in addition to the phrase, “but not including any person whose employment is but casual,” also says,
 
 “cmd
 
 not in the usual course of trade, business, profession or occupation of his employer.” As is pointed out hereafter, this form of the statute has a definite adjudicated interpretation, which the Legislature of Ohio presumably adopted when the statute was amended.
 

 This interpretation as laid down in many decisions throughout the country cited below compels the conclusion that in the instant case, the workmen employed by Christen were employees.
 

 In other words, the statute does not say “continuously,” and the statute, in the definition of “employee” as adjudicated, provides that one employed “in the usual course of trade” of the employer is not a casual employee. But what is. employment in the usual course of the trade, business, profession or occupation of the employer?
 

 We think that such employment must be employment for work of the kind required in the business of the employer, and it must be in conformity to the established scheme or system of the business. Such scheme or system comprehends the nature of the enterprise, its organization, its personnel requirements and its methods of operation. The time for which such employment has continued is not controlling.
 

 Tested by this rule and by the adjudications herein cited, all of the 'men covered by this employment were regular employees. They were employed in the work of the kind required in Christen’s business, namely, the painting business. They were employed in conformity to the established scheme of his business, for an indefinite period. They were not casual employees.
 
 *65
 
 They were regular employees within the meaning of the act, and hence Christen had more than three employees regularly employed at the time of the accident, and comes within the purview of the statute.
 

 It is argued that this interpretation ignores the word “casual” in the statute, but that word was specifically limited, as pointed out, by the amendment of 1917. Any other interpretation than this ignores the phrase, “and not in the usual course of trade, business, profession or occupation of his employer,” and also perhaps does not lay stress enough upon the phrase, “in the same business,” in Section 1465-61.
 

 With reference to the point that Section 1465-61 excludes only the employee whose employment is but casual, and at the same time not in the usual course of business, 1 Schneider on Workmen’s Compensation, (2nd Ed.), at pages 239
 
 et seq.,
 
 makes the following observations on this subject:
 

 “The California, Connecticut, Iowa, Minnesota, British and Missouri acts are alike in that a casual employee may be under the act if his work is part of the usual business of his employer, but if both casual and not in the usual business of the employer the employee is not under the act * * *.
 

 “The acts of some of the states provide that if the employment is ‘casual or not in the trade or business of the employer’ it is exempted. In these jurisdictions, it is held that If an employment is casual, that alone excludes it from the act and the fact that it is in the usual course of the employer’s business is immaterial, or if it is not in the usual course of the employer’s business it is immaterial whether or not it is casual. * * *
 

 “Under the former type of act the important question to determine is whether the particular employment is in the course of the employer’s business. If it is, it is covered by the act and it is immaterial whether or not the employment is casual. * * *
 

 
 *66
 
 “As illustrative of the distinction between the wording of the acts in respect to casual employment, under the Massachusetts act no one whose employment is ‘casual’ can recover compensation, while, under the British act, and all acts containing similar provisions, one whose employment is ‘of a casual nature’ comes within the acts, provided it is for the purpose of the employer’s trade or business. In ascertaining the meaning of the term casual as used in the Massachusetts and similarly worded acts the determinative point is the contract of service, while under those acts patterned after the British act the determinative point is the nature of the service rendered.”
 

 According to the authority cited in Schneider, those statutes which are patterned after the California, Connecticut, Iowa, Minnesota, British and Missouri acts use the conjunctive
 
 and
 
 instead of the disjunctive
 
 or.
 
 Under these statutes a person is an employee unless his employment is both casual and at the same time not in the usual-course of the employer’s business. Since the amendment to the Workmen’s Compensation Act, made in 1917, Ohio comes within the rule of the statutes which use the conjunctive “and.”
 

 An illustration of the operation of this rule is to be found in the case of
 
 Hughes
 
 v.
 
 Walker
 
 (Eng. App., 1926), 19 Butterworth’s Workmen’s Compensation Cases, 79, a pertinent quotation from which is as follows:
 

 ‘ ‘ Sect. 13 of the Act of 1906 defines what is a workman, and that section says this: ‘ “Workman” does not include * * * a person whose employment is of a casual nature and who is employed otherwise than for the purposes of the employer’s trade or business. ’
 

 “Put quite shortly and in the words relevant to this case, if this man was a person whose employment was of a casual nature, and, cumulatively, who was employed otherwise than for the purpose of the employ
 
 *67
 
 er’s trade or business, he would not be a workman within the meaning of the Act. From what I have quoted, it is plain that in order to be outside the Act the workman must be a person who fulfils those two characteristics, firstly, he must be a man whose employment is of a casual nature, and secondly, one who is employed otherwise than for the purpose of his employer’s trade or business.”
 

 This view finds considerable supporting authority in other states.
 
 Persing
 
 v.
 
 Citizens Traction Co.,
 
 294 Pa. St., 230, 144 A., 97;
 
 Sentor
 
 v.
 
 City of Lincoln,
 
 124 Neb., 403, 246 N. W., 924;
 
 Ostlie
 
 v.
 
 H. F. Dirks & Son,
 
 189 Minn., 34, 248 N. W., 283;
 
 Barker
 
 v.
 
 Eddy
 
 (Ind. App.), 185 N. E., 878;
 
 Gibbons
 
 v.
 
 United Electric Rys. Co.,
 
 48 R. I., 353, 138 A., 175;
 
 Wells
 
 v.
 
 Lumbermen’s Reciprocal Assn.
 
 (Tex.), 6 S. W. (2d), 346;.
 
 Palle
 
 v.
 
 Industrial Commission,
 
 79 Utah, 47, 7 P. (2d), 284, 81 A. L. R., 1222;
 
 Hoshiko
 
 v.
 
 Industrial Commission,
 
 83 Colo., 556, 266 P., 1114.
 

 Since this record shows that the two employees and one other workman were actually engaged as employees in the usual course of business of the defendant at the time this accident occurred, it is immaterial under the authorities whether that service lasted for a relatively brief part of the year.
 

 In 1917, with presumed knowledge of these judicial constructions, the Legislature of Ohio amended the Ohio statute to use the conjunctive
 
 and
 
 instead of the disjunctive
 
 or.
 
 Hence we think that the legislature manifested the specific intent to come within the rule as above set forth. That being the case, under the conceded facts of the record, the workmen were employees, the defendant was an employer, and the Court of Appeals was in error in affirming the judgment of the trial court finding for the defendant.
 

 In view of the foregoing decision, it is not necessary to discuss the question of partnership between the de
 
 *68
 
 fendant and Ms minor son, nor the question of emancipation, raised in tMs record.
 

 Judgment reversed.
 

 Weygandt, C. J., Stephenson, Jones, Matthias, Bevis and Zimmerman, JJ., concur.