**FULMER v RICHARDSON et**

Ohio Appeals, 3rd Dist, Defiance Co

No 97. Decided May 7, 1937

R. H. Sutphen, Defiance, and Walter W. Ferris, Hicksville, for appellants.

H. B. Mullholland, Defiance, for appellee.

## OPINION

By THE COURT

1. As the injury for which the plaintiff claims compensation is alleged to have been sustained by him in the State of Indiana it was essential for him to prove by a preponderance of the evidence, the following facts:

a. That the service rendered by him in the State of Indiana at the time the alleged injury was sustained was connected with or part of the duties and services of his employment by the defendants contemplated to be performed in Ohio. 42 O. J. 581.

b. That including the plaintiff the defendants employed three or more workmen or operators regularly in the same business or in or about the same establishment, the test of the regularity of the employment being the character rather than the duration thereof and a workman being a regular employee within the purview of the statute so long as he is hired to do work in the usual course of the trade, business, profession or occupation of the employer. 42 O. J. 600, 601.

c. That the injury for which compensation is claimed was accidental in its origin and cause, in the sense of being the result of a mishap or untoward event not expected or designed by the plaintiff, the time and place of the occurrence of which may be fixed with reasonable definiteness and certainty. 42 O. J. 662.

d. That disability resulted from such injury.

2. In this case there is substantial, credible evidence tending to prove that the plaintiff made his contract of employment with the defendants in Ohio and that the

major part of his duties under such employment was performed there but that he was occasionally required in the course of such employment to perform duties in connection therewith in Indiana; that the business conducted by the defendants in which he was employed was farming and such business was supervised, the products sold and employees paid at Hicksville in the State of Ohio; that in such farming business the farm located in Indiana was operated in connection with the operation of the farm owned by defendants in the State of Ohio and an employee of defendants who lived on and was usually employed in the operation of the Indiana farm was occasionally required to perform the duties of his employment on the Ohio farm and the plaintiff who resides on and was generally employed in the farming operation of the Ohio farm was occasionally required to perform duties of his employment on the Indiana farm; and that the service rendered by plaintiff in the State of Indiana prior to and at the time of his injury was connected with and part of the duties and service of his employment by the defendants contemplated to be performed in Ohio. This evidence was sufficient to warrant the submission to the jury of the first issue of fact mentioned in sub-division (a) above required to be proved by the plaintiff.

3. There is also substantial, credible evidence, including the evidence above mentioned, that the defendants employed at the time of plaintiff's injury and in addition to plaintiff, a superintendent of the farming business conducted by them who resided in the State of Ohio and another person who lived on and was usually employed in the operation of the Indiana farm but who was occasionally, in the usual course of his employment and within several weeks prior to plaintiff's injury had been required to perform the duties of the employment on the Ohio farm operated by the defendants in connection with their farming business, and that each of them was employed to do work in the usual course of the business of the defendants. This evidence was sufficient to warrant the submission to the jury of the second issue of fact mentioned in sub-division (b) above, required to be proved by plaintiff.

4. There is also evidence tending to prove that for a number of days prior to and at the time the plaintiff discovered the injury to his finger complained of, he had been engaged in husking corn on the Indiana farm; that such corn on account of its condition was unusually difficult to husk, and the nature of his work of husking corn was such that would tend to cause abrasions of the skin on his hands through which infection might enter; and that his finger had become infected. The plaintiff also testified on cross-examination that at the time he discovered his injury through pain in the finger, the finger was bruised. While the injury was not discovered until pain developed, the jury were warranted in drawing an inference that the abrasion and bruise made the infection possible, occurred during this employment in the work of husking corn on the Indiana farm during the period he was working thereon prior to the injury. This evidence and the inference the jury were warranted in drawing therefrom were sufficient, under the decision in the case of **Industrial Commission of Ohio v Weimer, 124 Oh St at page 50,** to warrant the submission to the jury of the third issue of fact mentioned in sub-division (c) supra.

5. There is also evidence tending to prove that the plaintiff suffered disability from the injury warranting the submission of fact to the jury.

For the reasons mentioned, the trial court did not err in overruling the motion of the defendants to dismiss the cause and did not err in overruling the motion of the defendants made at the close of all the evidence, to direct a verdict in favor of the defendants, mentioned in the first and second assignments of error herein.

6. The third assignment of error is that the court erred in his instructions to the jury appearing upon pages 69 and 70 of the bill of exceptions, in that he instructed the jury that there were but two issues to be determined by them, the instruction complained of being in the following words:

"The court now instructs you that due to the admissions of the defendants in their answers contained, the issue for you to try is reduced to only two and that is whether or not the injury complained of in plaintiff's amended petition in the manner therein set forth in that said injury arose out of and in the course of his employment and whether or not the disability of plaintiff alleged in the amended petition were and are the result of said injury, and whether the defendants in this case were amen-

able to the compensation laws of the State of Ohio."

' The answer of the defendants was by way of general denial and there were no admissions therein limiting the issues in said cause and the burden was on the plaintiff to prove by a preponderance of the evidence all of the issues of fact hereinbefore mentioned, and this instruction .was therefore prejudicially erroneous in limiting the issues to be considered by the jury, and was also erroneous in submitting to the jury a question of law as ,to whether the defendants were amenable to the compensation laws of the State of Ohio, instead of submitting the issues of fact determinative of such question of law. The error in this instruction was prejudicial to the defendants and they are entitled to a reversal of said judgment by reason thereof.

The fourth assignment of error relates to a claimed error in the general charge to the jury appearing at pages 70 and 71 of the bill of exceptions. The second paragraph of the instruction complained of is erroneous in that it constitutes a repetition of the error in the charge complained of under the third assignment of error, and is ambiguous in that it is uncertain and indefinite in its reference to the parts of the general charge preceding it. The error in this charge also requires a reversal of the judgment.

The fifth assignment of error charges error in overruling the motion of the defendant to set aside the verdict and for a new trial. The motion should have been granted by reason of the errors in the charge above mentioned and the overruling of the same was prejudicial to the defendants.

For the reasons mentioned, the judgment of the Court of Common Pleas will be reversed and this cause remanded for a new trial and further proceedings according to law.