**ROBERTS v RUMPKE et**

Ohio Appeals, 1st Dist, Hamilton Co.

No. 5709.   Decided Jan. 29, 1940

George Luedeke, Cincinnati, and R. L. Dickerson, Cincinnati, for appellant.

Ratterman, Cowell & Fletcher, Cincinnati, for appellees.

**OPINION**

By ROSS, J.

This is an appeal on questions of law from a judgment of the Court of Common Pleas of Hamilton County, Ohio.

The sole question presented is whether the defendants employed three or more men, thus requiring compliance with the provisions of the Workmen's Compensation Act.

The plaintiff was an employee of the defendants, a partnership, and was injured during and by reason of his employment.

For some considerable time previous to the injury of the plaintiff, William Rumpke owned a coal yard and wrecking and scrap iron business. When the United States Government Building in Cincinnati was razed, a large quantity of stone became available. William Rumpke, Barney Rumpke, and James Coffee then entered into a partnership

for the purpose of securing the large stones used in the Government Building, hauling them to Rumpke's yard, carving them, and selling them as tomb stones and grave markers. A small building was erected adjoining the coal yard and certain polishing and cutting machinery set up therein. Each of the partner's contributed a certain amount of labor and equipment in hauling the stones, and was given a credit in what was called a "capital fund".

James Coffee was put in active charge of the actual work upon the stones. William Rumpke delivered the stones in trucks, usually used in his coal yard and wrecking business. Barney Rumpke kept the books of the partnership. The plaintiff, after the monument business started, was regularly employed in the surfacing of the stones, and upon the trucks of William Rumpke, in delivering same.

There is evidence that in September, 1937, a man by the name of Elmore was employed by the partnership and worked intermittingly until the date of Robert's injury in November, 1937. The evidence does not establish that he was regularly employed.

A man by the name of Stith was employed from time to time as a salesman. It appears that when he sold a monument he received a commission from the partnership. He accepted regular employment after the injury to Roberts. He had a drawing account for necessary expenses. The evidence fails to show that he could be considered an employee regularly employed.

Alliston Sweet was employed by William Rumpke as a driver for his trucks. He was not an employee of the partnership. The evidence develops that while William Rumpke, as an independent contractor was employed from time to time to deliver monuments for the partnership, that other independent contractors were also used by the partnership for delivering monuments and that

William Rumpke was not regularly employed by the partnership for this purpose. His employee Sweet would, therefore, not qualify as an employee by virtue of the provisions of §1465-61, GC. If the independent contractor was not regularly employed, his employee would not be regularly employed.

Reference to the books kept by the partnership shows that other persons worked occasionally for the partnership, and that those hereinbefore mentioned worked in the capacities, for the periods and in the manner noted.

Roberts, the plaintiff, was injured when in company with Sweet and Coffee he was unloading a stone hauled on William Rumpke's truck to a customer in Kentucky.

From what has been said it appears, therefore, that the plaintiff was the only employee regularly employed by the partnership.

It becomes unnecessary to determine the constitutionality of §1465-60, GC, providing that a member of a partnership performing manual labor for the partnership shall be considered an employee therefore for the purposes of Workmen's Compensation.

For these reasons, the judgment of the Court of Common Pleas is affirmed.

HAMILTON, PJ., concurs.
MATTHEWS, J., dissents.

MATTHEWS, J., Dissenting:
In my opinion, the analysis of the evidence made by the majority shows that the appellee was an employer of three employees "regularly in the same business", as that phrase is construed in State ex rel Bettman v Christen, 128 Oh St 56. The fact that the employment was not continuous is not determinative of the question of whether they were employed "regularly in the same business".

My independent consideration of the evidence leads me to the same conclusion—that there were three employees without counting the partner who regularly performed manual labor.

By §1465-60, GC, it is provided that in determining whether a partnership employs three or more "any member of the partnership—who regularly performs manual labor" shall be counted.

It is urged that this provision is unconstitutional. We are cited to **Goldberg v Industrial Commission, 131 Oh St 399,** which held that the provision in §1465-68, GC, which attempted to extend the provisions of the Workmen's Compensation to "any member of a partnership—who is paid a fixed compensation for services rendered to such partnership" was unconstitutional. The court held that **Secs. 26 and 35 of Art. II of the Constitution of Ohio** conferred power upon the legislature to provide compensation for employees, but not for employers, and that a member of a partnership was not a "workman" or "employee" in the constitutional sense "requiring an award of additional compensation in case of violation of a specific requirement", or generally, to provide compensation for employee-members of a partnership.

No partner is claiming compensation in this case. It is undisputed that the plaintiff was an employee, and bore no other relation to this partnership.

While the Constitution limited to employees the power of the legislature to provide compensation, at no place did it limit its power to provide compensation for all employees. Whatever exclusion has been made by the legislature was the result of a self-imposed limitation based on its conception of sound public policy. It had full constitutional power to include a single employee within the benefits of the law. Having such power, any method it saw fit to adopt in determining the minimum class to be excluded was within its power.

Certainly, a provision including a partner who worked regularly alongside of employees, in determining the number to bring into operation the law, is in no sense unreasonable. By working with his employees, he subjects them to as great a hazard as would an additional employee, who was not also a partner. And the fact that he could not be awarded compensation out of the fund is no reason for excluding him in the computation to determine the applicability of the statute as to employees, who are not partners.

In my opinion the partner who worked and was paid wages should be included in determining whether the requisite number existed to bring the statute into operation.

For these reasons, I dissent from the conclusion reached by my associates.