PHIPPS, APPELLANT, v. REDICK ET AL., APPELLEES.

(No. 5091—Decided October 1, 1954.)

Mr. John S. Mitchell, for appellant.

Mr. Harold M. Palmer, for appellee Floyd C. Redick.

Mr. C. William O'Neill, attorney general, Mr. Paul Tague, Jr., and Mr. John M. Tobin, for appellee Industrial Commission of Ohio.

MILLER, J. This is an appeal on questions of law from a judgment of the Common Pleas Court granted in favor of the defendants. The action was one for damages for injuries received by Kyle Phipps, the plaintiff, appellant herein, while acting within the scope of his employment as a carpenter, engaged in building a house for the defendant, appellee herein, Floyd C. Redick, which house was to be occupied by him as a private residence. More than three persons were employed in the construction; hence, the only question presented is whether Redick is amenable to the provisions of the Workmen's Compensation Act. The answer to this question depends upon the nature

of the employment in which plaintiff was engaged at the time of his injury. Under the terms of the act the employment must be regular and not casual before the employer becomes amenable to its provisions. The term "employee" as used in the act is defined in Section 4123.01, Revised Code, as follows:

"Every person in the service of any person, firm, or private corporation, including any public service corporation, employing three or more workmen or operatives regularly in the same business or in or about the same establishment under any contract of hire, express or implied, oral or written, including aliens and minors, but not including any person whose employment is but casual and not in the usual course of trade, business, profession, or occupation of his employer."

The term "employer" is defined in the same section as follows:

"Every person, firm, and private corporation, including any public service corporation, that has in service three or more workmen or operatives regularly in the same business or in or about the same establishment under any contract of hire, express or implied, oral or written."

The record discloses that Redick had a regular salaried job as an employee of the Marble Cliff Quarries Company where he worked as an engineer. The house being built was to be used as his own home and was not in any way connected with his salaried position. The terms, regular employee, and, usual course of business, are clearly defined in the case of *State, ex rel. Bettman, Atty. Genl.*, v. *Christen,* 128 Ohio St., 56, 190 N. E., 233, paragraphs two and three of the syllabus:

"Workmen are regular employees, within the purview of Sections 1465-60 and 1465-61, General Code,

so long as they are hired to do work in the usual course of the trade, business, profession or occupation of the employer.

"In order that a person's employment shall be deemed to be in the usual course of the trade, business, profession or occupation of the employer, it must be employment for work of the kind required in the business of the employer and it must be in conformity to the established scheme or system of the business. Such scheme or system comprehends the nature of the enterprise, its organization, its personnel requirements and its methods of operation. The time for which such employment has continued is not controlling."

See, also, *Reese* v. *Industrial Commission*, 55 Ohio App., 76, 8 N. E. (2d), 567; *Fulmer* v. *Richardson*, 26 Ohio Law Abs., 163; *Smith* v. *Brockamp*, 81 Ohio App., 381, 77 N. E. (2d), 727. In the latter case the court practically covered the facts in our case by way of illustration and with which we are in accord, as follows, at page 386:

"By way of illustration, if a lawyer, whose office is not maintained in his residence, should employ three or more workmen to build an addition thereto, the employees so engaged would not be included in the coverage of the act, but, if on the other hand, a physician, who uses his home for the purpose of practicing his profession as well as a residence, employed three or more workmen to build an addition thereto, which would increase the facilities of his practice, then such employees would be included in coverage."

The plaintiff cites cases from many foreign jurisdictions which can be of no assistance in light of the pronouncements of our own courts.

We must agree with the conclusion of the trial court that the construction of this home by Redick was in no manner connected with his usual course of

trade, business or profession; and that, therefore, he is not liable to the plaintiff under the provisions of the act.

The judgment is affirmed.

*Judgment affirmed.*

WISEMAN, P. J., and HORNBECK, J., concur.